(112 App. Div. 254)

### DAVIDSON v. JONES.

(Supreme Court, Appellate Division, First Department.  April 6, 1906.)

1. Wills—Construction—Estates Created—Vested Remainders.

Under a will devising all testator's property to his wife during life, and on her decease to testator's children or their legal representatives, such of testator's children as were living at the time of his own death and the heirs of such as were then dead became absolutely vested with. the remainder, which was not subject to be devested by the death of. any of the children during the lifetime of the widow.

2. Specific Performance—Doubtful Title.

Where the only defect in a title arose from a pure question of law in-. volved in the construction of a will, the title was, after a construction of such question in favor of the validity of the title, sufficiently free from doubt to justify the enforcement of specific performance of a contract for the sale of the land.

[Ed. Note.—For cases in point, see vol. 44, Cent. Dig. Specific Performance, § 275.]

Submission of controversy on agreed case by Julius Davidson and James A. Jones.  Judgment for defendant.

Argued before O'BRIEN, P. J., and PATTERSON, McLAUGHLIN, LAUGHLIN, and HOUGHTON, JJ.

Milton Mayer, for plaintiff.

Edward E. Sprague, for defendant.

HOUGHTON, J.  The parties submit their controversy with re-spect to the title of real property which the plaintiff agreed to buy and which the defendant agreed to convey by good and sufficient deed.  The defendant's title came through John L. Hardee, who died in 1891, leav-ing a last will and testament by which he devised all his property to his wife "for her sole and separate use for and during the term of her natural life, and on her decease to my children or to their legal repre-sentatives."  The will was duly proved, and the wife and all of the testator's children conveyed to plaintiff's grantor.  The defendant tendered a deed proper in form, but the plaintiff, although willing to fulfill his contract, objected to the title, on the ground that under the will of Hardee the remainders to his children did not vest absolutely in them, but vested subject to be divested on their deaths during the lifetime of the widow, who is still living.  If from the language of the will, measured and governed by established rules of construction, the testator can be said to have intended to use the words "or to their legal representatives" as words of substitution, in the sense that he meant by that expression to substitute as devisees the descendants and heirs of such of his children as should die after his own death and during the lifetime of his widow in place of such child of his own, thereby post-poning the absolute vesting of his real property until her death, when those who answered the description could be ascertained, then the title was properly rejected.  If such was not his intent, and if it can be fairly said that he did intend that such of his children as should be living at the time of his own decease and the heirs or representatives of such as might be then dead should take absolutely subject to the life estate of their mother, then the title tendered was good, and should have been

accepted. Little difficulty is experienced from the words: "on her decease." There is a long line of uniform authorities that the words "on," "when," "after," "from and after," and like expressions, used in a devise of a remainder following a life estate, do not afford sufficient ground in themselves for adjudging that a remainder is contingent and not vested, and that such words, unless their meaning is enlarged by the context, are to be construed as relating merely to the time of the enjoyment of the estate, and not to the time of its vesting an interest. Connelly v. O'Brien, 166 N. Y. 406, 60 N. E. 20; Hersee v. Simpson, 154 N. Y. 496, 48 N. E. 890; Nelson v. Russell, 135 N. Y. 137, 31 N. E. 1008; Moore v. Lyons, 25 Wend. 119. Nothing appears in the context of the will which enlarges these words, and they do not, therefore, of themselves, effect a postponement of the vesting of the remainder until the death of the life tenant. We must therefore determine what construction shall be given to the phrase "or to their legal representatives" as used by the testator.

The law favors such a construction of a will as will avoid the disinheritance of remaindermen who may happen to die before the determination of the precedent estate, and a remainder is not to be considered as contingent in any case where is may fairly be construed to be vested, since the law favors the vesting of estates. Connelly v. O'Brien, supra; Corse v. Chapman, 153 N. Y. 466, 47 N. E. 812; Matter of Russell, 168 N. Y. 169, 61 N. E. 166. The presumption is that a testator intends that his dispositions shall take effect in enjoyment and interest at the date of. his death, and upon the happening of that event, unless the language of the will by fair construction makes his gifts contingent, they will be regarded as vested. Nelson v. Russell, supra. While technically the words "legal representatives" mean administrators or executors, they may refer to heirs or next of kin. Griswold v. Sawyer, 125 N. Y. 411, 26 N. E. 464. A representative is one who stands in the place of an owner of real estate as heir, of personalty as next of kin. He is one, also, who takes by representation, and in wills and settlements the terms "representatives" and "legal representation" are frequently held to mean heirs and next of kin, and not executors and administrators. Lee v. Dill, 39 Barb. 521, and cases cited. It is manifest that, as used by the testator, the words refer to the heirs of his deceased children. We therefore have a devise to the wife for life, and on her decease to the testator's children, "or to their heirs." We think it must be held to have been the clear intent of the testator to vest absolute title to his real estate in such of his children as were living at the time of his death, and in the heirs of such as may have died before that event, and that the time of full enjoyment only was postponed until the death of the widow, and that the death referred to was one occurring in testator's own lifetime, and that the substituted gift to "heirs" was only to take effect in case such event transpired. None of the children predeceased the testator, and all joined in the deed with the widow to defendant's grantor, and full title therefore passed.

The effect of a devise to one for life, and "from and after" the death of the life tenant remainder to others, "or to the survivors" "or heirs," was considered, as was said, as a new question in the court of errors in Moore v. Lyons, 25 Wend. 119, and it was concluded that the words

of survivorship primarily referred to the death of the testator, and not to the death of the tenant for life, unless from other parts of the will it was manifest that the intent of the testator was otherwise; and it was held that the remainder vested absolutely in the remaindermen living at the death of the testator, and that the failure of some of them to survive the life tenant did not operate to divest them of such title. While the ruling made in this case has not been applied to various constructions of wills, because it appeared from the context of the instrument that the testator intended to postpone the vesting until the happening of a particular event enumerated, the decision does not seem to have been questioned, but, on the contrary, it has been cited with approval and as a leading authority in many cases, including Livingston v. Green, 52 N. Y. 118; Embury v. Sheldon, 68 N. Y. 227; Matter of Accounting of Mahan, 98 N. Y. 372; Nelson v. Russell, supra; Stokes v. Weston, 142 N. Y. 433, 37 N. E. 515; Matter of Brown, 154 N. Y. 313, 48 N. E. 537; Hersee v. Simpson, supra; Connelly v. O'Brien, supra; Matter of Russell, supra; and Lewis v. Howe, 174 N. Y. 340, 60 N. E. 975, 1101. In each of these cases there was a precedent life estate, and in all of them it was held that the title vested absolutely in the remaindermen on the death of the testator, and that the time of enjoyment only was postponed until the death of the life tenant. In the Matter of Tompkins, 154 N. Y. 634, 49 N. E. 135, the effect of the words "or their lawful descendants" used in a devise of real property was considered. The Appellate Division had treated the words as a gift by substitution in case of the death of the first-named devisee at any time during the continuance of the trust created by the will. The Court of Appeals was unanimously of the opinion that a fundamental error was committed by such construction, and determined that the words referred to a death in the lifetime of the testator, and operated as a substituted gift only in case such event transpired. In the will under consideration in Miller v. Gilbert, 144 N. Y. 68, 38 N. E. 979, a life estate was given to testator's widow, and on her death "then" to testator's four children "or their heirs." It was held that the children living at the death of the testator took a vested remainder, and that it was quite inconceivable to suppose the testator intended to substitute the issue of a deceased child for the child himself in case he should die during the lifetime of the mother, and that the substitution of the word "and" for "or" would be quite proper, and in accordance with the evident intent of the testator.

We have been led to this lengthy discussion of the authorities because it is asserted, erroneously, as we think, that Lyons v. Ostrander, 167 N. Y. 135, 60 N. E. 334, is an authority compelling the interpretation of the will under consideration, as giving to the children of the testator, not an absolutely vested remainder, but one subject to be divested by the death of any one of them during the lifetime of the widow. An examination of that case will show that the court felt constrained, from the peculiar language used by the testator, to hold that he intended to and did fix a particular time when the remainder should vest. It is not to be presumed that the Court of Appeals by this decision intended to overrule the long line of its own decisions, to which we have adverted, giving practical construction to wills, in many of

which are found expressions which might be said to point to an intent on the part of the testator to postpone the vesting of the remainder created by him with much more precision than any language which can be found in the will at bar.

Upon authority, as well as upon the plain reading of the will, we think it must be held to have been the clear intent of the testator that such of his children as should be living at the time of his own decease and the heirs of such as might be then dead should become vested absolutely with the remainder which he created by his will, subject only to a life estate therein given to the widow; and that such remainder was not subject to be divested by the death of any one of such children during the lifetime of the widow. From this it follows that the defendant had good title, and tendered a good deed, which the plaintiff should have accepted.

The only remaining question is whether or not the title is in such doubt, although good, that plaintiff ought not to be compelled to specifically perform. The general rule is that a doubtful title should not be forced upon an objecting purchaser. Abbott v. James, 111 N. Y. 673, 19 N. E. 434. This rule does not apply with its full force where the validity of the title tendered depends upon a pure question of law, without extrinsic facts being involved. Ebling v. Dreyer, 149 N. Y. 460, 44 N. E. 155. Although the validity of the title depended upon the construction of wills, the purchasers were compelled to take in the cases of Nelson v. Russell and Hersee v. Simpson, cited herein.

Our conclusion is that the defendant's title was so marketable that the plaintiff was not justified in refusing it, and that judgment should be directed in favor of the defendant for specific performance, with costs. All concur.