tion of this estate, and I am unable to see upon what just theory he should be chargeable with interest upon this fund.

The objections filed to the account of the executor and trustee by the contestant herein are disallowed. The account, as filed, may be settled, and a decree made and entered settling such account on any Monday at 10 a. m. at the surrogate's office in Lyons, N. Y., upon giving five days' notice to the counsel for the contestant herein.

Decreed accordingly.

---

(61 Misc. Rep. 550.)

### In re SALISBURY'S WILL.

(Surrogate's Court, Westchester County. December, 1908.)

1. WILLS (§ 634*)—CONSTRUCTION—NATURE OF ESTATE.

Testator gave the residue of his estate to his wife for life, and, on her death, to his children equally and to the survivor of them, the issue of any deceased child to take the share its parent would have taken if living at the time of the death of the wife. *Held*, that the time of vesting is after the death of the wife, unless both children of testator and any issue they may have die before her, in which case the wife takes the whole estate absolutely.

[Ed. Note.—For other cases, see Wills, Cent. Dig. § 1488; Dec. Dig. § 634.*]

2. WILLS (§ 634*)—CONSTRUCTION—INTESTACY.

Where testator gave the residue of his estate to his wife for life, with remainder to his children or the issue of any deceased child, it is immaterial in what order the children and wife may die, and there is an absolute disposition of the entire estate, and no intestacy arises.

[Ed. Note.—For other cases, see Wills, Cent. Dig. § 1488; Dec. Dig. § 634.*]

In the matter of the probate of the last will of Frederick S. Salisbury, deceased. Decree rendered.

Rounds, Hatch, Dillingham & Debevoise, for petitioner.
Edward A. Pfeffer, for respondent.
Clinton T. Taylor, special guardian.

MILLARD, S. Frederick S. Salisbury died on the 14th of June, 1908, a resident, of the village of Larchmont, county of Westchester and state of New York. He left a last will and testament, which was duly filed for probate on the 6th day of July last, and upon the 9th of July, 1908, an answer was filed by Maude Grosvenor Salisbury Shriver, a daughter of said deceased, asking for a construction of said will, as to the rights of the parties interested under the third paragraph thereof.

This paragraph reads as follows:

"Third. All the rest, residue and remainder of my estate both real and personal of whatsoever kind and wheresoever situated, I give, devise and bequeath to my beloved wife Lucy Aletta Salisbury, To have and To hold the same and to collect, receive and enjoy the rents, income and profits thereof

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

during the term of her natural life, and on her death I give, devise and bequeath the same to my children Adelene Salisbury and Maude Grosvenor Salisbury equally, share and share alike and to the survivor of them, the issue of any deceased child however to take the share its parent would have taken if living at the time of my wife's decease.  *  *  *

"And in case neither of my said children shall survive my said wife or shall have died leaving no lawful issue surviving, then I give, devise and bequeath all my estate, both real and personal, to my said wife absolutely."

The daughter referred to in the will as Maude Grosvenor Salisbury married prior to the death of the testator, and at that time had a daughter living, born on the 6th of July, 1903. By an order duly made by me on the 10th day of July, 1908, upon the petition of Lucy A. Salisbury, said infant, Ruth S. Shriver, was made a party to this proceeding; and a citation was duly issued to the said infant to attend the probate of the last will and testament; and upon the return day thereof, July 20, 1908, Clinton T. Taylor was duly appointed special guardian for the said Ruth S. Shriver, to take care of and protect her interests in this proceeding.

The claim of the respondent, Maude Grosvenor Salisbury Shriver, is that the true construction and effect of the dispositions and provisions of the third paragraph of the said will is that all of the said residuary estate is given absolutely to said Adelene Salisbury and Maude Grosvenor Salisbury Shriver, if they survive the testator, Frederick S. Salisbury, subject only to the life interest of Lucy A. Salisbury, the widow, and that said interests of Adelene Salisbury and Maude Grosvenor Salisbury Shriver are not subject to be diminished or divested by any death occurring after said testator's death, and that said dispositions and provisions give to children of said Adelene Salisbury and Maude Grosvenor Salisbury Shriver no interest in said residuary estate, unless one or both of said Adelene Salisbury and Maude Grosvenor Salisbury Shriver should die before said testator. On behalf of the special guardian, it is contended that no such construction can be given to this clause of the will; that it plainly appears from the language used in said will that the intention of the testator was not to vest the residuary estate in the said Adelene Salisbury and Maude Grosvenor Salisbury Shriver, unless they outlived their mother; that their interest is a contingent and not a vested one; and that at this time it is impossible to tell who is to take said estate because it can only be definitely determined upon the death of the widow, Lucy A. Salisbury, unless both children of the testator and any issue they may have shall die before said widow.

The widow and the daughter Adelene Salisbury have filed a consent that the will be construed in accordance with the answer filed by the other daughter, Maude Grosvenor Salisbury Shriver, but I attach no importance to this, and cannot see how the consent or failure to consent of interested parties could in any way change the construction or meaning to be given to words used in a will. These must speak for themselves; for, if this were not so, then, by consent of the parties, this court would be able to make an entirely dif-

ferent disposition of a testator's estate than that which he intended and which he evidenced by the will itself executed by him. Besides in this case the infant is a party, and has not and cannot consent to a construction different from that warranted by the language of the will.

Many cases have been before the courts for construction of wills and many questions of law have been definitely decided, and are now no longer the subject of argument. It is well settled that the court should adopt the construction whenever possible which will avoid intestacy, and which is most favorable to the vesting of the estate devised, and which will avoid the disinheritance of the remainderman who happens to die before the termination of the life estate; unless it appears from the context of the will that the testator had a different intention. Matter of Russell, 168 N. Y. 175, 61 N. E. 166; Connelly v. O'Brien, 166 N. Y. 406, 60 N. E. 20; Matter of Brown, 154 N. Y. 313, 48 N. E. 537; Hersee v. Simpson, 154 N. Y. 496, 48 N. E. 890; Corse v. Chapman, 153 N. Y. 466, 47 N. E. 812; Campbell v. Stokes, 142 N. Y. 23, 36 N. E. 811; Haug v. Schumacher, 166 N. Y. 506, 60 N. E. 245; Nelson v. Russell, 135 N. Y. 137, 31 N. E. 1008; Moore v. Lyon, 25 Wend. 119; Davidson v. Jones, 112 App. Div. 256, 98 N. Y. Supp. 265; Lyons v. Ostrander, 167 N. Y. 135, 60 N. E. 334. But I am unable to find in this will any possible contingency which is not provided for, and which would allow the testator to die intestate as to any of his property. No matter in what order the parties interested may die, I find in the will an absolute disposition of the entire estate, and cannot see how any intestacy could ever exist.

The possible intestacy suggested by the attorney for the respondent, Maude Grosvenor Salisbury Shriver, is that if a daughter should die before the widow, leaving issue, and then the other daughter and all the issue should also die, there would necessarily be an intestacy of the whole estate; for the widow cannot take under the last clause, as the daughter left issue, and there is no one, at the widow's death, who can take under the will. I cannot read such an intention from the will, but believe the last clause of the third paragraph means that in case neither of my said children shall survive my said wife or shall have died leaving any lawful issue surviving her (my said wife) then I give, devise, and bequeath all my estate, both real and personal, to my said wife absolutely; or, in other words, if both of my children and all of their issue should die before my wife, then my wife is to take my whole estate. I have seldom read a will in which the intention, to my mind, was more clearly expressed, where the testator sought to dispose of his property under all conditions which might arise, so that his immediate family might receive the benefits thereof. He certainly had a right to postpone the vesting of the estate, and I cannot see how he failed to clearly show this intention or how he could have done it better than he did. His intention as I read it from the will was: First. To give his wife the use of the entire residuary estate during

the term of her natural life, and, upon her death, his two children were to share the estate equally, and, in case of the death of either without issue, the surviving child should take the whole, and, if the deceased child left issue, then the issue was to take the parent's share. Then, again, still further he provides what should be done with the estate in case both of his children were dead before his wife and without leaving issue, viz., that his wife should take it absolutely. In this construction, instead of being ambiguous, complicated, uncertain, unjust, inconvenient, unnatural, and contrary to the prescribed intention of the testator, and not justified or supported by the wording of the will, as is claimed by the respondent, I see nothing but a most comprehensive and careful disposition of the testator's estate, carried out in such a way that his immediate family obtains the benefit of his entire estate during the lifetime of any of them. And, finally, if all the other members of his immediate family should die, leaving his wife as the sole survivor, it gives her the entire residuary estate. What more sensible conclusion and disposition could be made by any one?

The respondent contends that:

"The adverbs of time, such as 'when,' 'then,' 'after,' 'from and after,' etc., in a devise of the remainder limited upon a life estate, are to be construed as relating merely to the time of enjoyment and not to the time of its vesting in interest," [and] "that words of survivorship and gifts over on the death of the former beneficiary are construed, unless a contrary intention appears, as relating to the death of the testator."

While both of these contentions, unless a contrary intention appears from the will, are true, neither of them has any force in this case because it clearly appears from the context of the will that the time of vesting is after the death of the wife, unless both children of the testator and any issue they may have shall die before her, and that her death, and not the death of the testator, is clearly fixed in said instrument. If the provision of the will to be construed was all of the first paragraph of the third clause of the will, except the last line (at the time of my wife's decease), then in the light of the decisions I might feel disposed to hold that the interests of the children were vested. But, when the provision is, as we have it here, that the wife shall have the use of the property during her life, "and on her death I give, devise and bequeath the same to my children Adelene Salisbury and Maude Grosvenor Salisbury equally, share and share alike and to the survivor of them, the issue of any deceased child however, to take the share its parent would have taken if living, at the time of my wife's decease," it shows conclusively that the testator's intention was that his children should take no interest, unless living at the time of his wife's death. This would be the common and ordinary meaning of such language; and I am sure that, used by a layman, as in this case, no other meaning could be attached to it. But, if we were in doubt even as to this, the next paragraph of the third clause of the will—"And in case neither of my said children shall survive my said wife or shall have died leaving no lawful issue surviving, then I give, devise and bequeath all my estate, both real and personal, to my

wife absolutely"—makes it still plainer. The addition of this last section shows that the testator had in his mind that the former section had not disposed of his property under all conditions, and he therefore made this provision which would provide for the contingency not provided for in the other paragraph. The intention to vest the estate in his wife absolutely, upon the death of his last surviving descendant, could not be more clearly shown.

The rule that in case of a devise to one person in fee, but in case of his death to another, the death referred to will be construed to be a death in the testator's lifetime, has no application where a point of time for distribution is mentioned other than the death of the testator, or where a life estate intervenes, or where the context of the will contains language indicating a contrary intent. Matter of Baer, 147 N. Y. 348, 41 N. E. 702; Matter of Denton, 137 N. Y. 433, 33 N. E. 482; Lyons v. Ostrander, 167 N. Y. 135, 60 N. E. 334. These cases clearly indicate the distinction from the general rule, namely, that another time is fixed in the will, and that the context thereof shows a contrary intent. In Davidson v. Jones, 112 App. Div. 258, 98 N. Y. Supp. 265, the court, referring to the case of Lyons v. Ostrander, maintains that that decision is not contrary to the other decisions of the Court of Appeals, but that all of them are in harmony, and shows that the distinction is that they find in the Ostrander Case expressions showing the intent of the testator to postpone the vesting of the remainder created by him. So, in this case, it is absolutely plain that the testator fixes and indicates a different time for the vesting of his estate than immediately upon his death.

If the respondent's contention here was correct, that immediately upon the testator's death the estate was vested in his children, then no possible force or meaning could be given to this last section of paragraph third; because, if the property were vested in the children, it could not be given to the widow absolutely.

It is plain to me that the testator has made a valid disposition of his property; that his intention is plain; that the wife takes a life estate; that his children if they survive the wife become vested with the property; that, if either of them is dead leaving issue, that issue takes the parent's share; that the survivor of the two children takes the share of the one who has died, provided no issue is left; and that, if both children are dead and any issue which they may have had shall die before the widow of the testator, she takes the whole estate absolutely.

Decreed accordingly.