FRANK T. STAPLES and PHILIP L. HOLZER, as Ancillary Executors, etc., of JOHN S. MEAD, Deceased, Respondents, Appellants, *v.* SARAH FRANCES MEAD and FRANCES S. MEAD, Individually and as Surviving Executrices and Trustees of the Last Will and Testament and Codicil of JOHN J. STUDWELL, Deceased, and Others, Appellants, Respondents.

Second Department, October 18, 1912.

Will — future vested and contingent estates — tenancy in common and joint tenancy — gift to a class — substitutional gift — res adjudicata.

A testator gave the residue of his estate to his executors in trust to collect the income during the life of his widow and to pay the same, one-third to her, one-third to his daughter, and one-third to his grandchildren living at his death and to the issue of any who may have died leaving issue, share and share alike, for their use, support, etc., and upon the death of the widow, to collect the income during the life of the daughter and pay the same, one-half to her and one-half to his grandchildren living at his death and to the issue of any who may have died leaving issue, share and share alike, for their use, support, etc., and upon the death of the daughter, he then gave, devised and bequeathed his entire estate to his grandchildren and to the issue of any who may have died leaving issue equally *per stirpes* and not *per capita*, share and share alike.

The testator died in 1884, survived by his widow, daughter and eleven grandchildren. The widow died in 1892 and one of the grandchildren in 1907, leaving a will, but no issue. The daughter is still living.

*Held,* that the grandchildren took distributively as tenants in common, and not collectively as joint tenants or as a class, vested remainders in the corpus of the estate at the death of the testator, subject to be divested, and to the intervening trust.

Upon the death of a grandchild without issue his estate became absolute, subject only to the trust, and passed, together with the accumulations thereon, under his will.

When, however, a portion of the income upon his share has been paid to the survivors by the trustees and their accounts have been judicially settled, on the appearance of all the parties in interest, and such payments allowed without objection, the decree of settlement is binding and conclusive as to the payments covered by it; but not so in respect to any income thereafter accruing upon such share.

APPEAL by the plaintiffs, Frank T. Staples and another, as ancillary executors, etc., from a portion, and by the defendants Sarah Frances Mead and another, individually and as surviving executrices and trustees, etc., and others, from the whole, of an interlocutory judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Kings on the 13th day of December, 1911, upon the decision of the court, rendered after a trial at the Kings County Special Term, directing an accounting by the defendants Sarah Frances Mead and another, as executrices and trustees, etc.

*David F. Manning,* for the defendants Sarah F. Mead and Frances S. Mead.

*Richard T. Greene* [*William Howell Orr* with him on the brief], for the defendants Loretta M. Smith and others.

*R. M. Cahoone* [*Frederick H. Chase* with him on the brief], for the defendant Elizabeth M. Cahoone.

*Walter Gordon Merritt,* for the plaintiffs.

WOODWARD, J.:

This case turns upon the interpretation to be given to the will of John J. Studwell, deceased, especially the 5th clause thereof, which reads as follows:

" *Fifth.* I give, devise and bequeath unto my executors, all the rest, residue and remainder of my estate both real and

personal to have and to hold the same in trust for the following uses and purposes: To collect the rents, issues, profits and income arising from my estate during the life of my wife Elizabeth L. Studwell and pay over the same in quarter yearly payments as follows: One-third to my wife for her use, support and maintenance; one-third to my said daughter for her use, support and maintenance and one-third unto my grandchildren living at my death and to the issue of any grandchild who may have died leaving issue, share and share alike, for their use, support, maintenance and education, and upon the death of my said wife I direct my executors to collect said rents, issues, profits and income during the life of my daughter Sarah Frances Mead, and pay over the same in quarter yearly payments as follows: One-half thereof to my said daughter for her use, support and maintenance and the remaining one-half unto my grandchildren living at my death and to the issue of any grandchildren who may have died leaving issue, share and share alike, for their use, support, maintenance and education, and upon the death of my said daughter I then give, devise and bequeath my entire estate unto my grandchildren and to the issue of any grandchild who may have died leaving issue equally per stirpes and not per capita, share and share alike."

The testator died a resident of this State in 1884, survived by his widow and a daughter, Sarah Frances Mead, their only child, and by eleven grandchildren, issue of her marriage with George W. Mead.

The widow died in 1892, and one of the grandchildren, John S. Mead, in 1907, leaving a will, but no issue. The testator's daughter is still living.

About ninety per cent of the estate, amounting to more than $1,000,000, is personal property.

The trustees of the Studwell will have, since the death of John S. Mead, or the end of the then current quarter, paid the net income to the surviving donees, and settled their accounts as such trustees in the Surrogate's Court, on the appearance of the parties in interest, including the plaintiffs herein, up to the 15th day of April, 1909, and wherein such payments were allowed without objection.

The plaintiffs claim that John S. Mead took a vested remain-

der in one-eleventh of the Studwell estate, subject to the trust estate, and contingent only upon his death without issue; that upon his death without issue his estate remained vested and passed under his will, and that they are not precluded by the judicial settlement from recovering from subsequent income in the hands of the trustees the amount which accrued upon his share after his death, and was paid by them to the surviving donees.

The defendants claim, on the other hand, that the interest of John S. ceased upon his death pending his mother's life estate, or passed to the surviving donees, and that, in any event, the plaintiffs are precluded by the judicial settlement from recovering any income upon his share.

The trial court held that John S. took a vested remainder, but that upon his death prior to the death of his mother any right which he had in the income ceased; that subsequent income upon his share was undisposed of by his grandfather's will, and went, one-eleventh to the plaintiffs, and the remainder to the other grandchildren; and that the judicial settlement is a bar to a recovery by the plaintiffs of any income which accrued from the death of John S. up to the time of the settlement. Both sides appealed.

The ruling of the trial court that John S. Mead, as well as each of the other grandchildren, took a vested remainder in one-eleventh of the Studwell estate is entirely correct. (1 R. S. 722, 723, §§ 7-11, 13; Real Prop. Law [Gen. Laws, chap. 46; Laws of 1896, chap. 547], §§ 25-28, 30; Real Prop. Law [Consol. Laws, chap. 50; Laws of 1909, chap. 52] , §§ 35-38, 40; *Hennessy* v. *Patterson*, 85 N. Y. 91, 104; *Matter of Tompkins*, 154 id. 634, 644; *Connelly* v. *O'Brien*, 166 id. 406; *Stringer* v. *Young*, 191 id. 157; *Davidson* v. *Jones*, 112 App. Div. 254; *Runyon* v. *Grubb*, 119 id. 17; *Trowbridge* v. *Coss*, 126 id. 679; *Doscher* v. *Wyckoff*, 132 id. 139.)

It is true that the death of John S. before his mother, leaving issue, was a contingency upon which his estate might have been divested, and vested in his issue; but this was not an event upon which the vesting in him depended. (*Doscher* v. *Wyckoff*, 132 App. Div. 139, 142.) " It was not a gift limited to take effect upon an uncertain event; it was a gift, which the uncer-

tain event might chance to defeat." (*Stringer* v. *Young*, 191 N. Y. 157, 162.) The event in this case, the death of the donee leaving issue, did not happen, and his gift was not defeated, but remained vested.

It is claimed that the language of the testator, "and upon the death of my said daughter I *then* give, devise and bequeath my entire estate unto my grandchildren," shows an intention to postpone the vesting of the remainders. But such is not the effect of that language. (*Mitchell* v. *Knapp*, 54 Hun, 500; *Sage* v. *Wheeler*, 3 App. Div. 38; *Roome* v. *Phillips*, 24 N. Y. 463; *Byrnes* v. *Stilwell*, 103 id. 453; *Nelson* v. *Russell*, 135 id. 137; *Connelly* v. *O'Brien*, 166 id. 406.)

Adverbs of time, such as *upon, then, from and after*, etc., in the devise or bequest of a remainder limited upon a life estate are construed to relate merely to the time of enjoyment of the estate, and not to the time of its vesting in interest. (*Ackerman* v. *Ackerman*, 63 App. Div. 370, 372; *Trowbridge* v. *Coss, supra; Hersee* v. *Simpson*, 154 N. Y. 496, 500; *Connelly* v. *O'Brien*, 166 id. 406, 408.) The words, "and to the *issue* of any grandchild who may have died leaving issue," do not prevent the vesting of the remainder in the grandchildren. (*Bowditch* v. *Ayrault*, 138 N. Y. 222; *Matter of Brown*, 154 id. 313; *Matter of Tompkins*, Id. 634; *Stringer* v. *Young, supra; Matter of Moloughney*, 67 App. Div. 148; *Davidson* v. *Jones*, 112 id. 254; *Doscher* v. *Wyckoff, supra.*)

The gift to the *issue* is clearly not original, but substitutional; it is primarily directly "*unto my grandchildren* and to the issue of any grandchild who may have died leaving issue." This language makes the gift to the issue substitutional. (*Acken* v. *Osborn*, 45 N. J. Eq. 377; *Wescott* v. *Higgins*, 42 App. Div. 69; *Matter of Moloughney, supra; Jones* v. *Hand*, 78 id. 56; *Davidson* v. *Jones, supra; Bowditch* v. *Ayrault, supra.*)

The word "*and*" in the phrase, "and to the issue," etc., quoted above, is used in a substitutional or alternative sense, and, if necessary, should be construed to mean "*or.*" (*Roome* v. *Phillips*, 24 N. Y. 463, 469; *Roe* v. *Vingut*, 117 id. 204, 216.)

The contention that the grandchildren took jointly cannot be maintained. The statute provides that "every estate granted or devised to two or more persons in their own right shall

be a tenancy in common, unless expressly declared to be in joint tenancy." (1 R. S. 727, § 44; Real Prop. Law [Gen. Laws, chap. 46; Laws of 1896, chap. 547], § 56; Real Prop. Law [Consol. Laws, chap. 50; Laws of 1909, chap. 52], § 66.) And the courts have steadily refused to infer a joint tenancy in the absence of words expressly intended to declare it. (*Steinway* v. *Steinway*, 163 N. Y. 183; *Matter of Russell*, 168 id. 169; *Matter of Conger*, 81 App. Div. 493.)

There is no express declaration of a joint tenancy in this will, nor any words expressly intended to declare it. Not only so, the language used is such as has always been held to create a tenancy in common. (*Stevenson* v. *Lesley*, 70 N. Y. 512, 515; *Bisson* v. *W. S. R. R. Co.*, 143 id. 125, 130; *Lyons* v. *Ostrander*, 167 id. 135; *Langley* v. *Westchester Trust Co.*, 180 id. 326.) " ' When an equality or inequality of shares is prescribed in express words, the language was always held to create ' the relation of tenants in common." (*Moffett* v. *Elmendorf*, 152 N. Y. 475, 484.)

Neither is this a gift to a *class;* namely, "a gift of an aggregate sum to a body of persons uncertain in number, at the time of the gift, to be ascertained at a future time, who are all to take in equal or in some other definite proportions, the share of each being dependent for its amount upon the ultimate number." (*Herzog* v. *Title Guarantee & Trust Co.*, 177 N. Y. 86, 97.) "A bequest is not a gift to a class, where, at the time of making it, the number of the donees is certain and the share each is to receive is also certain and in no way dependent for its amount upon the members who shall survive." (Id.)

The time of the gift here was the death of the testator, and it was to his grandchildren, share and share alike. There were eleven of these, all living at that time. There was, therefore, no uncertainty as to either the number of donees or the share each was to receive.

The gift to the issue of any grandchild who may have died leaving issue is not inconsistent with an intention to make the gift to the grandchildren distributively, and as tenants in common, nor does it tend to prove that the gift was to a class collectively. (*Matter of Russell*, 168 N. Y. 169, 178.)

The rents and profits arising upon the share of John S. Mead, after his death, belong to the persons presumptively entitled to the next eventual estate. (1 R. S. 726, § 40; Real Prop. Law [Gen. Laws, chap. 46; Laws of 1896, chap. 547], § 53; Real Prop. Law [Consol. Laws, chap. 50; Laws of 1909, chap. 52], § 63.) That is to say, they belong to his estate and to the persons entitled thereto under his will. (*Delafield* v. *Shipman*, 103 N. Y. 463; *Matter of Brown, supra; Matter of Tompkins, supra; Matter of Harteau,* 125 App. Div. 710; *Gould* v. *Rutherfurd,* 79 Hun, 280.)

It follows that the learned trial court erred in holding that only one-eleventh of one-twenty-second part of the income belongs to the plaintiffs. The whole of the income upon the share of John S. Mead, or one-twenty-second part of the entire income belongs to them, except such as was otherwise disposed of by the judicial settlement.

It appears that the accounts of the trustees under the will were judicially settled in the Surrogate's Court on the 18th day of May, 1909, up to the fifteenth day of April of that year. This settlement, to which the plaintiffs herein were parties, is conclusive upon all payments covered by it, and precludes the recovery of the same, or any part thereof, in this action. Such settlement, however, is not binding upon any rents, issues, profits or income which have accrued since that time. (Code Civ. Proc. §§ 2742, 2813; *Rudd* v. *Cornell,* 171 N. Y. 114; *Matter of Hoyt,* 160 id. 607; *Bowditch* v. *Ayrault, supra; Kirk* v. *McCann,* 117 App. Div. 56; *Matter of Elting,* 93 id. 516; *Matter of Haight,* 51 id. 310.)

The interlocutory judgment appealed from must be modified in accordance with the views expressed herein, and as modified affirmed, with costs of this appeal payable to the plaintiffs out of the estate.

HIRSCHBERG, BURR, THOMAS and RICH, JJ., concurred.

Interlocutory judgment modified in accordance with opinion by WOODWARD, J., and as modified affirmed, with costs of this appeal to the plaintiffs payable out of the estate. Order to be settled before WOODWARD, J.