## In the Matter of the Estate of NELLIE C. TRACY, Deceased.

Surrogate's Court, New York County, October 7, 1936.

*Samuel R. Gerstein,* for the trustee.

*Buhler, King & Miller* [*Arthur B. King* of counsel], for Harold M. Hillary, Marion S. Hillary, Nanna Sigourney Heywood and John Guthrie Heywood, executor, etc., of Marion Sigourney, deceased.

*Louis Dunst,* special guardian of infants.

DELEHANTY, S. The will of deceased says in part: " I give, devise and bequeath to my Executors and Trustees the sum of Fifteen thousand dollars ($15,000) in trust nevertheless to invest the

same and keep the same invested and to receive the rents, issues, income and profits therefrom and after defraying all taxes and other lawful charges upon the same to pay the income therefrom in quarterly instalments to my beloved friend John H. Landphier, so long as he shall live. At his death I direct my Executors and Trustees to pay over to my niece Nanna Sigourney Heywood absolutely and forever the sum of Seven thousand dollars ($7,000) out of said trust fund, and to pay over to my niece, Marjorie Sigourney Hillary absolutely and forever the sum of Five thousand dollars ($5,000) out of said trust fund, and to pay over to my niece Marion Sigourney absolutely and forever the sum of Three thousand dollars ($3,000) out of said trust fund. Should any of my said three nieces predecease John H. Landphier, then that one's share shall go to that one's issue according to the laws of the State of New York."

Deceased died February 22, 1933. The life tenant of the trust, John H. Landphier, died March 20, 1936. Marion Sigourney, one of the remaindermen, died August 11, 1933, prior to the death of the life tenant. She left no issue. One other of the remaindermen is still alive. The third predeceased the life tenant, leaving issue who survive.

There is suggestion of a claim on the part of certain distributees of deceased that as to the share of the fund intended for Marion Sigourney deceased died intestate. The basis of this claim is that the gift to this niece was contingent and not vested because the will directed payment of the trust principal to the issue of any niece who died before the life tenant.

It is contended by the surviving niece, by the issue of the niece who predeceased the life tenant leaving issue, and by the representative of the estate of Marion Sigourney that the interest of each niece in the trust principal was vested, subject to being divested upon death prior to that of the life tenant only if leaving issue.

It is apparent from the will as a whole that deceased was first of all concerned with the provision for the three nieces mentioned in the trust provisions. The remainder here in question should be held vested at the date of death of deceased unless the provisions of the will indicate clearly that vesting was to be deferred until the trust terminated. (*Hersee* v. *Simpson*, 154 N. Y. 496, 500; *Matter of Chalmers*, 264 id. 239; *Cammann* v. *Bailey*, 210 id. 19.) There is nothing in this will to indicate the intention of deceased that the remainder interests given to the three nieces were not to vest until the death of the life tenant. The language used is consistent with an intention to have the remainders vest upon the death of deceased. The directions for payment do not prevent the vesting of this remainder. If issue were born and if the niece predeceased the life tenant, then only would the vested remainder

be defeated. (*Matter of Watson,* 262 N. Y. 284; *Bowditch* v. *Ayrault,* 138 id. 222; *Livingston* v. *Greene,* 52 id. 118; *Staples* v. *Mead,* 152 App. Div. 745; *Matter of Jarvis,* 152 Misc. 252.)

The share of the trust principal directed to be paid to Marion Sigourney is, therefore, payable to the representative of her estate, the share given to Marjorie Sigourney Hillary is payable to her issue her surviving, and the share given to Nanna Sigourney Heywood is payable absolutely to her.

The increase resulting from profit on the sale of securities during the administration of the trust is part of the principal of the trust and should be distributed as such in the proportions which the remainder share as originally constituted of each of the parties now entitled to the principal bears to the original principal of the trust.

The balance of income due the life tenant will be payable to his representative when appointed.

Submit, on notice, decree construing the will and settling the account accordingly.