In the Matter of the Transfer Tax upon the Estate of JULIUS STEINWENDER, Deceased.

TITLE GUARANTEE AND TRUST COMPANY and CHRISTIAN ARNDT, as Executors and Trustees, Appellants; EUGENE M. TRAVIS, Comptroller of the State of New York, Respondent.

First Department, February 9, 1917.

Tax — transfer tax — will construed — contingent remainders to next of kin if testator's daughters die without living issue — when contingent remainders should be taxed at five per cent — vested remainder which may be divested.

Where a will in substance provides that on the death of any or all of the testator's daughters before his death without issue, or on the death of any of the daughters without issue after the testator's death, trusts created for their benefit shall terminate and the funds be distributed to the testator's next of kin pursuant to the Statute of Distribution, it is possible that the trust estate may go to the next of kin should all the daughters die in a common disaster without living issue, and this is true even though at the testator's death there are daughters and issue of daughters living. Hence the transfer tax should be assessed at five per cent, there being a possibility that the remainders will go to the next of kin.

Although the will stated that the property "shall be treated as having been vested upon my death in the children of the daughter (subject to being reopened to let in after-born children)" the clause is not inconsistent with a further provision that the trust estate shall go to the testator's next of kin should the daughters die without issue after his death.

Under the New York statute, contrary to the common law, the remainders of the grandchildren are deemed to be vested subject to be divested, for there are persons in being who would have the immediate right of possession if the precedent estates should cease.

APPEAL by the Title Guarantee and Trust Company and another, as executors and trustees, from an order of the Surrogate's Court of the county of New York, entered in the office of said Surrogate's Court on the 11th day of June, 1915, fixing and assessing the transfer tax upon the remainders created by the will of Julius Steinwender, deceased, upon an appeal from a prior order therein.

*Harold Swain*, for the appellants.

*Schuyler C. Carlton*, for the respondent.

First Department, February, 1917.          [Vol. 176.

PAGE, J.:

The provisions of the will whereby the remainders upon which the tax fixed by the order appealed from were created are as follows: The testator, who died on June 4, 1912, devised and bequeathed all the rest, residue and remainder of his estate, real and personal, to his executors in trust to divide it into as many equal parts as he should have daughters surviving him or daughters who shall, if predeceasing him, leave a child or children. The will then provides:

"Each part to be set up as an independent trust for the benefit of each one of my daughters and the child or children of such daughter. In the event of the death of any or all of my daughters before my death, then each such trust is for the benefit of the child or children of such daughter. All the income thereof shall be paid to the daughter so long as she shall live, and after her death shall be paid to her children in equal proportions until her youngest child living at my death shall attain the age of twenty-five years or sooner die. The happening of either event shall terminate the trust term, and thereupon the principal of the trust estate and the income undistributed shall be divided between them, share and share alike. It being my intention that the trust property of each trust shall be treated as having been vested upon my death in the children of the daughter (subject to being reopened to let in after-born children), for the benefit of whom and her children each trust is set up  *  *  *. Should any of my daughters die, without issue, after my death, the trust set up for her shall terminate and the fund shall be distributed to those who shall be my next of kin at such time according to the statutes of this State."

Following the case of *Matter of Zborowski* (213 N. Y. 109) the learned surrogate has determined that the transfer tax upon the remainders created by this will should be imposed upon the said transfer at the highest rate, which, on the happening of any of the contingencies or conditions mentioned in the will would be possible. As he construed the will, if the daughters of the testator should all die, leaving no issue living at the time of their death, the property would pass to the next of kin of the testator who would not be his lineal descendants.

The tax was accordingly fixed at the rate which would be imposed by law, provided such contingency had happened, and the remainders were taxed as belonging to the five per cent class.

It appears that at the time of the testator's death, four of his five children had issue living and the fifth was married but had no children. The appellant contends that the words contained in the will, "Should any of my daughters die, without issue, after my death," necessarily mean without having had issue at any time, and that as to the shares of any of the testator's daughters who had children, a vested remainder in such children was created, and in no event could their shares of the property pass to the next of kin of the testator, even though such issue should predecease their parent. I do not think the words of the will are capable of such a construction. Had the testator intended so to provide he could easily have said, should any of my daughters die " without having had issue," which would be the only apt words to express such a contingency. The appellant claims, however, that unless such a construction be given to the will, an inconsistency exists between that portion of the will which states that the property "shall be treated as having been vested upon my death in the children of the daughter (subject to being reopened to let in after-born children)," and the further provision that "Should any of my daughters die, without issue, after my death, the trust set up for her shall terminate and the fund shall be distributed to those who shall be my next of kin at such time according to the statutes of this State."

I am of the opinion, however, that there is no inconsistency between these provisions, and the inconsistency claimed by the appellant is based upon a misconception of the law. It is perfectly possible for the estates created by this will to be vested in the grandchildren of the testator subject to being reopened and let in after-born children and subject to being divested by the death of any such grandchild prior to the death of its parent, and such is the effect of the provision made in the will. (*Crackanthorpe* v. *Sickles*, 156 App. Div. 753; *Moore* v. *Littel*, 41 N. Y. 66.) While under the common law such a limitation would be deemed to create a contingent remainder, under the

New York statute (Real Prop. Law [Consol. Laws, chap. 50; Laws of 1909, chap. 52], § 40), it is held to be vested subject to being divested, and as the will was apparently drawn by one learned in the law, we must presume that when the word "vested" was used the testator meant vested under the New York rule and not under the common-law rule. Such a remainder is vested under the New York rule because there are persons in being to whom you can point and say: That person would have an immediate right to the possession of the property if the precedent estate therein should now cease. (*Moore* v. *Littel, supra.*) It is clear, therefore, that the testator intended to provide that should any of his daughters die without issue her surviving, the trust fund should be distributed to those who would be his next of kin at such time according to the statutes of this State. As it is entirely possible for all of the grandchildren of the testator to predecease their parent and for all of the children of the testator to die in a common disaster, in which event collateral relatives would inherit the entire corpus of the estate, the tax was properly imposed at the rate of five per cent, since under the law it should be fixed at the highest rate which could be taxed in any contingency. (*Matter of Hutton*, 176 App. Div. 217.)

The order appealed from should be affirmed, with costs.

CLARKE, P. J., LAUGHLIN, DOWLING and SMITH, JJ., concurred.

Order affirmed, with costs.