Matter of Judicial Settlement of the Account of Proceedings of PAMELLA C. LOWERRE, as Surviving Executor and Trustee of the Last Will and Testament of THOMAS H. LOWERRE, JR., Deceased.

(Surrogate's Court, New York County, October, 1918.)

Wills — intention of testator — construction and interpretation of — residuary estates — vested remainders — accounting by trustee.

The rules which govern in the construction and interpretation of wills, in so far as vesting is concerned, are always applied in subordination to testator's ascertained intention, if it clearly is deducible from the whole will. ·

Where testator devised and bequeathed his residuary estate to his executors in trust to pay a certain portion of the income to his wife annually for life and to pay the balance to his five children *nominatim* during their mother's lifetime, and at her death to divide the principal among said children and the issue of any deceased child, with direction for payments on account to children in anticipation of their share, they took vested remainders subject to being devested only in case a child died before testator's widow, leaving issue, and the grandchildren of testator are interested and proper parties to an accounting by the trustee.

The income and share of a child of testator, who died without issue, vested in him indefeasibly and should be paid to his executors.

PROCEEDINGS upon the judicial settlement of the accounts of a surviving trustee.

Thompson, Koss & Warren (George F. Warren, Jr., of counsel), for accountant.

Hawkins, Delafield & Longfellow (Alfred Gregory, of counsel), for executors and trustees of Thomas H. Lowerre, 3d, deceased, and Adaline P. Smith.

Herbert A. Trebing, for Elizabeth D. Bruch.

Dawson Coleman Glover, special guardian.

Fowler, S. In the course of a proceeding instituted by the surviving trustee for the judicial settlement of her accounts and for the appointment of a successor trustee, the construction of the will of testator becomes necessary. The facts in substance are as follows:

Thomas H. Lowerre, Jr., executed his will on June 27, 1892, and a codicil thereto on May 6, 1896. He died on November 9, 1902, and his will and codicil were admitted to probate by this court. The testator was survived by his widow, Pamella C. Lowerre, and five children, his son, Thomas H. Lowerre, 3d, born August 31, 1867, and his four daughters, Adaline P. (Smith), Elizabeth D. (Bruch), Pamella M. (McCaughy) and Edith L. (Benjamin), born respectively January 17, 1866, August 6, 1870, May 27, 1875, and February 14, 1878. The testator left him surviving no other child or children or the issue of any deceased child, except his five children mentioned above, who are the five children mentioned and described in his last will and testament. Only one of his children was married at the time of the execution of his will, and there were no grandchildren. At the time of testator's death three of his children were married, namely, Thomas H. Lowerre, 3d, who was married September 21, 1902; Elizabeth D. (Bruch), who was married on April 20,

Surrogate's Court, New York County, October, 1918. [Vol. 104.

1892, and Adaline P. (Smith), on March 16, 1897. His daughter Pamella M. (McCaughy) and his daughter Edith L. (Benjamin) were married after the death of their father. Of the above, Thomas H. Lowerre, 3d, and Adaline P. Smith never had issue. Elizabeth D. (Bruch) has issue now living, viz., a son, Russell Lowerre Bruch, born December 27, 1893; Pamella M. McCaughy has issue now living, viz., a daughter, Pamella Lowerre McCaughy, born December 27, 1910; and Edith L. Benjamin has issue now living, viz., two daughters, Helen Benjamin and Edith Benjamin, both born January 14, 1909.

The codicil does not materially affect the provisions made for the widow and children of testator in the will of testator.

The pertinent paragraphs of the will of testator are the 4th, 5th, 6th and 7th, which read as follows:

" *Fourth.* All the rest, residue and remainder of my estate, real and personal, of whatever nature and kind and wheresoever situated, I give, devise and bequeath to my executors hereinafter named and to the survivors or survivor of them, in trust, to enter into and take possession of the same, and receive the interest, income, rents, dividends and profits of the same, and apply such interest, income, rents, dividends and profits annually during the lifetime of my said wife as follows: To the use of my said wife the annual sum of six thousand dollars, to be paid to her in equal quarterly payments, and the remainder of said annual income to the use of my five children, Adaline P., Thomas H., Elizabeth D., Millie M. and Edith B., in equal shares. Provided, however, that whenever in the discretion of my executors, Charles H. Lowerre and Thomas H. Lowerre, it shall appear to be necessary for the proper support of my said wife, that then the annual sum to be applied for said income to

Misc.] Surrogate's Court, New York County, October, 1918.

the use of my said wife may be increased to seven thousand dollars.

" *Fifth.* As each of my said children arrive at the age of thirty years I order and direct my said executors and trustees to pay to him or her out of my estate the sum of ten thousand ($10,000) dollars, such payment to be charged to him or her upon the distribution of my estate.

" *Sixth.* In case my brother shall elect under the provisions of our copartnership articles to close up and dissolve our present partnership upon my death, and shall desire to take my son Thomas H. into the business as a copartner, then I authorize and empower my said executors, out of my estate (in lieu of the ten thousand dollars which by the fifth clause of this my will I have directed them to pay my said son on attaining the age of thirty years), to advance to my son Thomas H. Lowerre, to enable him to go into said business as a partner with my said brother (notwithstanding he shall not then have attained said age), the sum of twenty-five thousand dollars, the same to be charged to my said son in the distribution of my estate.

" *Seventh.* After the death of my wife, I give, devise and bequeath all my estate real and personal (but as to the real estate subject to the power of sale herein given to my executors) to my said five children in equal shares and I direct my executors to so divide the same among them, and if any or either of my said children shall have died leaving lawful issue him or her surviving then it is my will that such issue shall take the share the parent would have taken if living. And for the purpose of such division or for any other purpose in their judgment deemed expedient and for the interests of my estate, I authorize and empower my said executors, and the survivors and survivor of them, to sell any or all my real estate at public auction

Surrogate's Court, New York County, October, 1918. [Vol. 104.

or private sale, and to make, execute and deliver good and sufficient deeds and conveyances of the same to the purchasers. This power of sale is to be operative at any time either before or after the death of my said wife, but is to be carefully exercised by my executors and according to their best judgment in the interests of my estate and, should the state of the market or the interests of my children demand it, they are at liberty to postpone the sale of my real estate and the distribution of the proceeds thereof for a period not exceeding ten years from and after the death of my said wife.''

Thomas H. Lowerre, 3d, the son of Thomas, Jr., died on September 11, 1917, leaving him surviving a widow, Lilie Wright Lowerre. Under his own will his widow and his cousin, Ernest W. Lowerre, are appointed executors and trustees, and he gives his share taken under his father's will to them in trust to pay the income to his widow for life and upon her death to divide the same among his sisters and the issue of any deceased sister *per stirpes*.

It appears that on the 6th day of March, 1916, the petitioner herein and Thomas H. Lowerre, 3d, as surviving executors of the will of Thomas H. Lowerre, Jr., filed their petition in this court with their account as such for the purpose of judicially settling the same. Accordingly a citation issued and their accounts were judicially settled. At the time of filing the said petition the then surviving executors and trustees were of the opinion that by the seventh clause of the will of Thomas H. Lowerre, Jr., the five children of the testator, all of whom survived him, had vested estates or remainders absolute in the principal of the father's residuary estate, and for that reason the issue of the said five children were not made parties to that accounting proceeding. In the present proceeding the grand-

children of the testator have been cited and a construction of the will is now necessary in order to determine *inter alia* whether or not the said grandchildren are proper parties herein, and whether or not they were interested, although omitted in the former accounting in 1916. In other words, the nature of the remainders, so-called, given to the children of Thomas H. Lowerre, Jr., and passing under his will, is now disputed, and a construction of the will of testator, in so far as it affects the residuary estate, is now become necessary.

It is hardly essential to say at this late day, that in the construction of wills the controlling factor is the ascertained intention of the testator. *Fulton Trust Co.* v. *Phillips,* 218 N. Y. 573; *Cammann* v. *Bailey,* 210 id. 19; *Herzog* v. *Title Guar. & Trust Co.,* 177 id. 86; *Matter of Brown,* 180 App. Div. 903. This intention is to be gathered from the whole will, and if any ambiguity arise certain surrounding circumstances are admissible. On the face of the will now before me the intention of the testator to give vested estates or interests to his five children, subject to be devested only in the event of a child dying before the testator's widow, leaving issue surviving, is questioned. But a careful reading of the entire will of the testator, I think, discloses this intention. There is here no question of a devise or bequest to a class, as the testator mentioned his children *nominatim* in the 4th paragraph of the will, and he refers to them again as "my said five children" in paragraph 7. By the 5th clause of his will the testator directs his executors and trustees to pay out of his estate to each of his children as they reach the age of thirty years the sum of $10,000, "such payment to be charged to him or her upon the distribution of my estate." In the 6th paragraph of the will he authorizes his executors, upon conditions therein stated, to

Surrogate's Court, New York County, October, 1918.    [Vol. 104.

increase the share of his son, Thomas H. Lowerre, 3d, to be so paid to him under the 5th clause of the will to the sum of $25,000, " the same to be charged to my son on the distribution of my estate." All such payments, directed to be made, and all of which have been made by the executors under paragraph 5 of the will, are by the terms of the will to be charged directly against each of the recipients upon the distribution of the estate. In my opinion the directions above referred to necessarily conclude an intention on the part of the testator to give his whole residuary estate to his five children as of the time of his death, subject to the trust estate created under the will, in accordance with which the income was, during the life of the widow, to be distributed between the widow and his five children. Enjoyment and distribution only were to be deferred.

Another indication of the testator's intention is contained in the form of the power of sale given to his executors and trustees. Under the terms of the power it was to be operative at any time either before or after the death of the widow. Testator directs his executors and trustees carefully to exercise the power of sale in the interests of " my estate, and should the state of the market or the *interests of my children demand it;*" and the exercise of the power of sale might be postponed for a period of ten years after the death of the widow. The power is, in my opinion, another indication that the testator intended to give his children vested remainders, and that the distribution of his estate only was to be postponed.

The vesting of estates and the prevention of partial intestacy are now, as always, favored. *Matter of Ossman* v. *Von Roemer,* 221 N. Y. 381. The gift of income, after the deduction of a specific annuity to the widow, is also a strong indication that the testator

intended the remainders to be vested absolutely. *Matter of Brown,* 154 N. Y. 331.

A leading and familiar rule of construction is, that where the only words of gift are found in the direction to divide or to pay at a future time the gift is future, not immediate; contingent and not vested. *Matter of Crane,* 164 N. Y. 71; *Matter of Baer,* 147 id. 348, 354; *Delafield* v. *Shipman,* 103 id. 464; *Delaney* v. *McCormack,* 88 id. 174, 183. But if the postponement of the payment is for the purpose of letting in an intermediate estate, then the interest is deemed vested at the death of the testator, and the class of legatees is determined as of that date, for futurity alone is not then regarded as annexed to the substance of the gift. Where from the examination of an entire will it is apparent that it was the intention of the testator that the estate should vest in the beneficiaries immediately upon his death, the rule governing an isolated direction to divide at a future time is subordinated to that broader rule, which requires that the intention of the testator shall control whenever the same can be gathered from the will. *Roosa* v. *Harrington,* 171 N. Y. 341. In other words, rules employed in the construction and interpretation of wills in so far as vesting is concerned are always applied in subordination to testator's ascertained intention, if it clearly is deducible from the whole will.

In the will before me the interests or remainders are given equally to specified persons, the five children of the testator, and not to a class. If the remainders so given are now held to be contingent, there *is* an intestacy in the event of a child of testator dying without issue before the life beneficiary. Certainly an intention to vest the remainders, if sufficiently manifest, ought to control, without regard to general rules of construction, employed only when a will is ambigu-

37

ous or colorless as to testator's real intent or design. *Roosa* v. *Harrington,* 171 N. Y. 341.

The main contention involved in this will now here is that futurity was annexed to and was of the essence of the gift over to the testator's children. I do not think it sound. The 7th clause of the will reads: "After the death of my wife I give, devise and bequeath all my estate, real and personal, * * * to my said children in equal shares, and I direct my executors to so divide the same among them, and if any or either of my said children shall have died leaving lawful issue him or her surviving, then it is my will that such issue shall take the share the parent would have taken if living * * *." This is not an instance of a will where the only gift is found in a direction to divide, and the words " after the death of my wife I give," etc., are insufficient, standing alone, to make the remainders contingent. They are to be regarded as indicative of the time of enjoyment of the estates and not of the time of vesting. *Connelly* v. *O'Brien,* 166 N. Y. 406; *Livingston* v. *Greene,* 52 id. 118; *Hersee* v. *Simpson,* 154 id. 496; *Matter of United States Trust Co.,* 78 Misc. Rep. 227; *Matter of Farmers Loan & Trust Co.,* 86 id. 164.

In my opinion the will before me discloses that it was the intention of the testator to give to his children his estate subject to a life estate, and I so find. In our present terminology an estate given to "A" subject to a life estate to " B " is termed a " remainder." Real Prop. Law, § 38. A construction that the remainders are vested has the advantage of giving effect to every part of this testator's will. It avoids a partial intestacy, which is always to be avoided, if possible, in the construction of wills. *Meeks* v. *Meeks,* 161 N. Y. 66. The estates of the children of testator being vested, subject to be devested only on the death of a child leav-

ing issue, prior to the testator's widow, the children of such " remaindermen " are interested and proper parties to the trustees' accounting.

Respecting the income accrued which was paid to Thomas H. Lowerre, 3d, during his life, the same should be paid to the executors of his estate (*Matter of Seebeck,* 140 N. Y. 241), the remainder and the income given him in the will having been vested in Thomas H. Lowerre, 3d, indefeasibly.

Decreed accordingly.