In the Matter of the Estate of BENJAMIN M. CLARK, Deceased.

Surrogate's Court, New York County, January, 1923.

**Wills — trusts — when estate vests — divide and pay over rule — when bequest not to a class — rights of representatives of remainderman who died before life beneficiary.**

Where under the " divide and pay over " rule postponement of payment is for the purpose of letting in an intermediate estate, the interest is deemed vested at the death of the testator and the remaindermen are determined as of that date.

Testator directed the division of his residuary estate into eight equal parts, bequeathed one to each of six of his children, the seventh he gave in trust for the children of a seventh child and the direction to the executors as to the remaining part was as follows: " to hold one of said equal eight parts thereof in trust to collect the rents, income and profits thereof, and apply the same for the support of my son  *  *  *  during his life, and on his death, to distribute the principal thereof among my children hereinbefore named or their issue in equal shares *per stirpes* and not *per capita*."   *Held*, that the remainders limited on the trust for said son vested in the seven other children of testator at his death subject only to the interest of the life tenant and that such vested remainders were not divested by the death of the remaindermen before that of the life beneficiary.

When the testator having mentioned his children *nominatum* referred to them again in the same paragraph of his will as " my children hereinbefore named," when disposing of the fund in question here, the bequest was not to a class.

PROCEEDING to settle accounts of a trustee.

*Stewart & Shearer*, for petitioner.

*Hedges, Ely & Frankel,* for Charles H. Clark and others.

*Wahle & Kringel* (*Charles G. Wahle,* of counsel), for Edythe S. C. Chamberlain.

*Charles Fischer,* special guardian.

Foley, S.   This is an accounting by the United States Trust Company as trustee for the benefit of Thompson P. Clark, a son of testator.   A construction of the will is required.

The testator died December 16, 1881, survived by eight children. By the 5th paragraph of his will the residuary estate was divided into eight equal parts, six of which he bequeathed outright, one to each of six of his children, the seventh he gave in trust for the children of a seventh child.   As to the eighth part, the executors were directed " to hold one of said equal eight parts thereof in trust to collect the rents, income and profits thereof, and apply the same for the support of my son Thompson P. Clark during his life, and on his death, to distribute the principal thereof among my children hereinbefore named or their issue in equal shares *per stirpes* and not *per capita.*"   The question presented here is whether the remainders limited on the foregoing trust are vested or contingent.   In my opinion the remainders were vested.   *Livingston* v. *Greene,* 52 N. Y. 118; Real Prop. Law, § 40; Pers. Prop. Law, § 11.

The life beneficiary, Thompson P. Clark, died March 4, 1921. Of the children named in the 5th paragraph of the will Ellen M. Clark, a daughter, died testate on June 8, 1911.   The residuary legatee under her will was Annie D. Tiffany, a niece.   Benjamin M. Clark, 2d, a son, died intestate on January 3, 1890.   He was survived by a son, Benjamin M. Clark, 3d, who died intestate without issue but leaving him surviving a widow, now Edythe Stephens Clark Chamberlain.   Annie D. Tiffany and Mrs. Chamberlain each claim to be entitled to one-seventh of the fund held in trust for the benefit of Thompson P. Clark, on the ground that the remainders given by the 5th paragraph of the will were vested remainders.   These claims are resisted by certain of testator's children and grandchildren, who contend that the remainders were contingent.   They rely principally upon the direction to distribute the remainder *on the death* of the life beneficiary.   But such a direction has repeatedly been held not to prevent vesting (*Matter of Ossman* v. *Van Roemer,* 221 N. Y. 381; *Livingston* v. *Greene, supra; Matter of Lowerre,* 104 Misc. Rep. 570), and as indicative merely of the time of enjoyment.   *Connelly* v. *O'Brien,* 166 N. Y. 406; *Hersee* v. *Simpson,* 154 id. 496.   A leading and familiar rule of construction is that where the only words of gift are found in a direction to divide or to pay at a future time, the gift is future,

not immediate; contingent, not vested. *Matter of Crane*, 164 N. Y. 71; *Matter of Baer*, 147 id. 348; *Delaney v. McCormack*, 88 id. 174; *Rudd v. Cornell*, 171 id. 114. But if postponement of the payment is for the purpose of letting in an intermediate estate, as here, then the interest is deemed vested at the death of the testator, and the remaindermen are determined as of that date, for futurity alone is not then regarded as annexed to the substance of the gift. *Matter of Lowerre, supra; Matter of Steinwender*, 176 App. Div. 517; *Fulton Trust Co. v. Phillips*, 218 N. Y. 573; *Matter of Crane, supra; Matter of Embree*, 9 App. Div. 602; affd., 154 N. Y. 778.

The vesting of estates is favored by the law. *Hersee v. Simpson, supra.* The vested remainder which each of his seven children took upon the death of the testator was not divested by their death before the life beneficiary. *Livingston v. Greene, supra.* These remainders could be divested only upon their so dying, leaving issue surviving, in which case the issue took by substitution. *Matter of Evans*, 234 N. Y. 42. Furthermore, the testator mentions his children *nominatim* in the 5th paragraph of his will, and in the same paragraph when disposing of the fund in question here, he refers to them again as " my children hereinbefore named." The bequest, therefore, is not one to a class. *Herzog v. Title Guar. & Trust Co.*, 177 N. Y. 86, 97. The language of the will clearly indicates the intention to give the remainder limited on the life of his son Thompson P. Clark, as of the time of testator's death, to his seven other children, subject only to the beneficial life interest. Enjoyment and distribution only were deferred. The foregoing construction is in harmony with the scheme of testator's will, which was to provide for the equal distribution of his estate among his children.

Tax costs and submit decree accordingly.

Decreed accordingly.