In the Matter of the Estate of JOSEPHINE STEPHANI, Deceased.

Surrogate's Court, New York County, October 22, 1936.

*Hughes, Schurman & Dwight* [*Stowell Rounds* of counsel], for Heinrich Jucho, sole executor, etc., of Marie Hill, and for Walter F. Carter, ancillary executor, etc., of Marie Hill.

*Davis, Polk, Wardwell, Gardiner & Reed* [*Otis T. Bradley* of counsel], for the Guaranty Trust Company, surviving trustee under the last will and testament of Josephine Stephani.

*Gillespie & O'Connor* [*George J. Gillespie, Jr.,* and *William E. Frost* of counsel], for Nicholas A. Donnelly, temporary administrator, etc., of Alphonse J. Stephani, deceased, and Sophie E. M. Leith and Maria J. M. Lawrence, heirs and next of kin of Alphonse J. Stephani, deceased, respondents.

*Charles Irving Oliver*, for the respondents, City Bank Farmers Trust Company of the temporary administrators, etc., of Alphonse J. Stephani, deceased, and for Karl Stephani, Johannes Friedrich Stephani, Maria Sasse and Emma G. Von Glaubits, heirs and next of kin of Alphonse J. Stephani, deceased.

*Topken & Farley* [*Philip F. Farley* of counsel], for the Frankfurter Bank (Germany).

FOLEY, S. The trust accounted for in this proceeding was terminated by the death of the life beneficiary. Questions have arisen as to the disposition (1) of certain unexpended income of the trust now in the possession of the trustee, and (2) of the corpus of the trust.

The testatrix died in 1903. She was survived by her son, Alphonse J. Stephani. She was also survived by a sister, Marie Hill, and by two nieces, children of a predeceased brother, William G. Moehring. Under paragraph sixth of the will she bequeathed her residuary estate in trust " to receive the rents, issues, income and profits thereof and to apply the whole, or such portions of such rents, issues, income and profits, as my said executors and trustees may deem advisable, for the use and benefit of my son Alphonse Joseph Stephani, during his natural life, and on the death of my said son I give, devise and bequeath all of said rest, residue and remainder of my estate with the accumulations, if any, thereon, and including the amount of all devises or bequests that may lapse or be declared ineffectual, or void, to my said sister Marie Hill absolutely and forever; or in case she be then dead to her children share and share alike."

The life beneficiary, Alphonse J. Stephani, died in February, 1935. The testatrix's sister, Marie Hill, predeceased him, leaving no children. At the time of the death of the testatrix the life beneficiary was serving a life sentence in prison. He remained confined in prison until the day of his death.

(1) It appears that the trustee found it unnecessary to apply all of the income of the trust to the use and benefit of the life beneficiary during his lifetime, and the question has arisen as to whom income, which accumulated and remains unexpended, is now to be paid.

In 1913 Marie Hill instituted an action in the Supreme Court for a construction of the will and for an accounting, and prayed for an adjudication that all present and future surplus income of the trust be paid over to her, pursuant to the terms of the will. The determination of the Appellate Division in that case (*Hill* v. *Guaranty Trust Co.*, 163 App. Div. 374) was that it was not necessary

that the unexpended income be directed to be paid out as undisposed of income, because circumstances might arise before the termination of the trust under which the trustee might deem it advisable to apply all of the unexpended income for the use and benefit of the beneficiary. They said: "There is, therefore, in the present case nothing unlawful in the trustees holding the unexpended balance in their hands — certainly not if the will of the testatrix be construed as giving the entire income to her son. Whether the will should be so construed is a question which is not necessary to determine at this time. It does dispose of the remainder 'with the accumulations, if any, thereon,' but the word 'accumulations' in this connection does not necessarily refer to the income. But however that may be, I am clearly of the opinion that the testatrix intended that the income not immediately applied to the use of her son should be held by the trustees subject to his use during his life. If, in order to effectuate this intent, the will must be construed as giving him the entire income, the time and manner of payment being left to the discretion of the trustees, it is susceptible of this construction and should be so construed, but the question may never arise. Under the statute (Real Prop. Law [Gen. Laws, chap. 46; Laws of 1896, chap. 547], § 53; now Real Prop. Law [Consol. Laws, chap. 50; Laws of 1909, chap. 52], § 63), which is also applicable to personal property (*United States Trust Co.* v. *Soher,* 178 N. Y. 442; *Mills* v. *Husson,* 140 id. 99; *Cook* v. *Lowry,* 95 id. 103), the plaintiff is entitled to the income not applied to the use of the beneficiary only upon the ground that such income is undisposed of. For the reasons stated the income now in the hands of the trustees cannot be so considered, because the trustees have the right at any time to apply any or all of it to the use of the beneficiary. Until the trust has terminated it will be impossible to tell how much, if any, of it will remain undisposed of."

Under the foregoing language of the Appellate Division, if the unexpended income in the hands of the trustees could at no time be considered as income "undisposed of" by the will because the trustees had the right at any time to apply any or all of it to the use of the life beneficiary, it follows that such unexpended income belonged to the life beneficiary, and not to the person or persons entitled to the next eventual estate. While the Appellate Division did not directly so construe the will because, as they stated, "the question may never arise," nevertheless, they clearly pointed out the correct construction. That construction will be adopted by this court. (*Crawford* v. *Dexter,* 178 App. Div. 764; affd., 224 N. Y. 586; *Curtis* v. *Curtis,* 185 App. Div. 391; *Matter of Meyer,* 140 Misc. 1; *Bloodgood* v. *Lewis,* 209 N. Y. 95; *Matter of Keogh,* 112 App. Div. 414;

affd., 186 N. Y. 544.) The income of the trust remaining unexpended in the hands of the trustee should, therefore, be paid to the representatives of the estate of the life beneficiary.

(2) I hold further under the language of the will that the testatrix intended the remainder to vest in Marie Hill, subject to be divested upon her death before the life beneficiary only if she left children her surviving. (*Matter of Watson*, 262 N. Y. 284; *Stringer* v. *Young*, 191 id. 157; *Matter of Schaefer*, 160 Misc. 43; *Matter of Jarvis*, 152 id. 252; *Bowditch* v. *Ayrault*, 138 N. Y. 222; *Matter of Clark*, 120 Misc. 191; *Matter of Tracy*, 162 id. 321.) Her vested interest in the remainder was never divested, because she died without children. It must, therefore, be held to be payable to the legal representatives of her estate.

One further subordinate question is presented. Marie Hill died a resident of Germany. She left a will wherein she devised one-half of the estate which she was to receive from the testatrix to one Katherine Baer. She made no disposition under her will of the other half of the estate coming to her from the testatrix, and accordingly such latter half passed as intestate property, a part of it to the children of her late brother, William G. Moehring. It has been requested that if it should be found that the estate of Marie Hill, as the vested remainderman under the will of the testatrix, is entitled to the corpus of this estate, the court should construe the effect of paragraph seventh of the will of the testatrix upon the shares passing to the children of William G. Moehring, as next of kin of Marie Hill.

Paragraph seventh provides:

" *Seventh.* I wish to declare positively that no part of my estate shall ever go to Charles Stephani of Frankfort-on-the-Main, Germany, or any of his children or descendants of the late William G. Moehring, of White Plains, New York."

I hold that the inhibition contained in paragraph seventh cannot affect the distribution of property to the children of William G. Moehring. They do not take under the will of this testatrix, nor as distributees of her estate, but they take as next of kin of Marie Hill.

Submit decree on notice construing the will and settling the account accordingly.