## In the Matter of the Estate of DENIS ARNOULD, Deceased.

Surrogate's Court, New York County, June 30, 1941.

*Howie & Robertson*, for the petitioner.

*Wagner, Quillinan & Rifkind* [*Edwin A. Tennant, Jr.*, and *J. Hutton Hinch* of counsel], for Amelia Kreeb McCord, as administratrix, etc., of Emily Arnould, deceased, respondent.

*William C. Kronmeyer*, for Anne M. Koetter, Frank A. Copin, Elizabeth Weber and Marie Negren, respondents.

*Evans & Rees*, for Alexander Sanders, respondent.

*Banerdorf & Taylor*, for Hortense Hillers, John M. Ludin and Eugene C. Ludin, 2d, respondents.

*Fox & Wintner*, for Joseph Copin, respondent.

*Avrach, Clark & Hollins* and *John R. Kelly* [*David Arrach* of counsel], for Adeline Smith and Veronica McGough, respondents.

*Francis L. Valente*, for Louise Gass and Annette C. Eschmann, respondents.

*Rudolph Stand*, special guardian.

FOLEY, S. In this trustee's final accounting a construction of the will is asked to determine the disposition to be made of the sum of $62,380.49, representing income which has accumulated in the hands of the trustee during the trust period.

The testator died on August 14, 1916. He was survived by his two daughters, Pauline and Emily, both of whom were of unsound mind and had been confined in an institution for many years. By the second paragraph of his will the testator disposed of his residuary estate in trust and directed the trustee:

" (a) To apply said income, or such portion thereof as, in its discretion, it may deem necessary for the support and maintenance of my two daughters Pauline and Emily Arnould, during the term of their natural lives, or of the life of the survivor of them. If said income should not in the opinion of said trustee hereunder be sufficient for said purpose, then said trustee may apply so much of the corpus of said trust estate as in its uncontrolled discretion it may deem necessary therefor to the support and maintenance of my said daughters, or of the survivor of them.

" (b) Immediately after the decease of the survivor of my said daughters to divide the corpus of my said estate, or such part thereof as may then remain in the hands of said trustee, together with all the unexpended income thereof, if any, to and among my sister Mary, if living, or if she be dead to her descendants then living, and the descendants then living of my deceased brothers, Joseph and Felix, and of my deceased sister Christine, *per stirpes* and not *per capita.*'

The two daughters of the testator remained in the institution until the date of their deaths. The trust terminated on July 22, 1940, on the death of Emily, the survivor of the daughters. During the trust term the trustee found it unnecessary to apply all of the income of the trust for the support and maintenance of the daughters

and now has on hand unexpended income of $62,380.49. The administratrix of the estate of the daughter Emily claims that this income belongs to the estate of the life beneficiary. The remaindermen of the trust named in the will, on the other hand, contend that the testator intended to give only so much of the income as was necessary for the support and maintenance of his daughters and that the unexpended income belongs to them as persons presumptively entitled to the next eventual estate.

The sole question presented is whether the testator intended to give the entire income of the trust to the income beneficiaries. Under the language of this will no one other than the income beneficiaries was to receive any part of the income during the period of the trust. Not only did the testator give the income of the trust to his daughters but the entire principal thereof, if necessary, was to be applied for their benefit. The discretion reposed in the trustee as to the time and manner of applying the income and principal of the trust for the benefit of the income beneficiaries in no way affected the absolute nature of the gift to the daughters. " It did not empower the trustees to determine, in their discretion, what her share of the residue income should be or how much was bequeathed to her. It empowered them, rather, to determine, in their discretion, how much of the one-fourth equal part bequeathed to her should be expended for her benefit, and made them custodians and conservators of the unexpended balance   *   *   *. It was not intended to and did not revoke or abrogate the disposition to Mary. It left the donee and the gift unchanged." (*Bloodgood* v. *Lewis*, 209 N. Y. 95, 104.) I hold that the testator intended to give the entire income of the trust to the income beneficiaries and the survivor of them, and that, therefore, the unexpended income should be paid to the representative of the estate of the last life beneficiary. The provisions of this will are almost identical with those considered by me in *Matter of Stephani* (161 Misc. 803). It had also been reviewed by the Appellate Division in prior litigation. (*Hill* v. *Guaranty Trust Co.*, 163 App. Div. 374.) The determination made in the *Stephani* case that the unexpended income in the hands of the trustees could not be considered as undisposed of, since the trustees had the right at any time to apply the same to the use of the income beneficiary, and that, therefore, the income belonged to the life beneficiary and not to the persons entitled to the next eventual estate was affirmed by the Appellate Division. (*Matter of Stephani*, 253 App. Div. 705.) Authorities other than the leading case of *Bloodgood* v. *Lewis* (*supra*) holding that the unexpended income belongs to the life beneficiaries are *Crawford* v. *Dexter* (178 App. Div. 764; affd., 224 N. Y. 586); *Curtis* v. *Curtis* (185 App. Div. 391); *Matter of Keogh* (112 id. 414; affd., 186 N. Y. 544);

*Matter of Hoyt* (116 App. Div. 217; affd., 189 N. Y. 511); *Matter of Littman* (165 Misc. 285); *Matter of Meyer* (140 id. 1).

If the direction in the will that the unexpended income upon the termination of the trust be paid to the remaindermen could be interpreted as an implied direction for the accumulation of income for the benefit of the remaindermen, it would be invalid as in violation of the provisions of section 16 of the Personal Property Law and section 61 of the Real Property Law. In view of the determination that the unexpended income belongs to the life beneficiary, section 63 of the Real Property Law is inapplicable here and the unexpended income cannot be paid to the remaindermen as the persons presumptively entitled to the next eventual estate.

The objections to the account and the application under section 231-a of the Surrogate's Court Act, for the fixation of attorneys' fees will be set down for a hearing before me at a later date. Notice of the date of the hearing will appear in the New York Law Journal.