JOSEPH C. HARLACKER ET AL *v.* GEORGE G. CLARK, TRUSTEE U.W. DANIEL W. BURROWS ET AL.

(56 A2d 468)

October Term, 1947.

Present: MOULTON, C. J., BUTTLES, STURTEVANT and JEFFORDS, JJ., and BLACKMER, Supr. J.

Opinion filed January 6, 1948.

*Roland E. Stevens* for the defendant.

*Paul A. Bourdon* for the plaintiff.

262

BUTTLES, J. This is a petition originally brought to the Probate Court for the District of Hartford praying for a declaratory judgment determining whether accumulated income from a certain trust fund in the hands of the defendant trustee should be paid to the administrator of the deceased beneficiary or should constitute a part of the trust fund and be paid to the parties entitled to the principal thereof. The petitionees answered and also asked for affirmative relief. From the decree of the Probate Court the defendants appealed to County Court, where hearing was had, findings of fact filed and judgment rendered to the effect that the plaintiff Harlacker as administrator of the deceased beneficiary and her heirs were not entitled to recover the accumulated income in the hands of the trustee and further that the trustee and the heirs of the testator were not entitled to recover back income which had been paid by the trustee to the plaintiff while acting as conservator of the beneficiary during her lifetime. From this judgment the defendants come to this court on exceptions.

The trust in question was established by the will of Daniel W. Burrows, deceased, and the decree of the probate court pursuant thereto which named the defendant Clark as trustee and directed him to set aside the sum of ten thousand ($10,000) dollars in interest-bearing securities, and directed that the income therefrom be used at the trustee's discretion for the benefit, maintenance and comfort of Mrs. H. G. O. Burrows, the widow of testator's brother Harrison, during her natural life, and at her death the principal be paid to the testator's legal heirs according to the Statutory Laws of Vermont. The will contains this restriction: "The income payable to any beneficiary under any trust hereunder shall not be assignable, nor shall the same be subject to or taken by or for the benefit of the creditors of any beneficiary under any proceedings, either voluntary or by process of law or equity." It appears from findings to which no exceptions were taken that for several years prior to October 2, 1930, the beneficiary had been dependent upon her niece, the wife of the plaintiff, and two other relatives for her comfort and support. On that date with the consent and at the instigation of the plaintiff Harlacker she was admitted to the State Infirmary at Howard, R. I. and remained there until her death on May 5, 1943. During her later years she was confined to a wheel chair and finally to her bed. When admitted to the State Infirmary she had no assets and was supported there

without charge until her death. Harlacker was accustomed to send her $5.00 per week from the money received from the trustee. Her funeral expenses amounting to $598. were paid by Harlacker partly from his own funds and partly from funds received from sources other than the trustee. Her relatives have been reimbursed in part but not in full from funds received by the conservator from the trustee for the support furnished her prior to her being committed to the Infirmary.

The court finds that the income from the trust fund which Harlacker as conservator received from the trustee was used by Harlacker for the "benefit, maintenance and comfort" of Mrs. Burrows. Clark was appointed trustee by the Vermont court on October 1, 1930. Harlacker was appointed conservator by the Rhode Island court on March 11, 1934, and administrator of the life beneficiary's estate on September 24, 1943. Clark became skeptical of the use Harlacker was making of the money sent him and made no further remittances of income after December 31, 1936. He now has $2,538.38 of such income on deposit in a Boston bank, not drawing interest. No grounds for Mr. Clark's skepticism are found by the court.

The testator's intent is, of course, the first consideration in construing a will. *President and Fellows of Middlebury College* v. *Central Pr. Corp. of Vermont,* 101 Vt 325, 143 A 384. If the will in this case had given no discretion to the trustee it would seem that in the absence of other indication of a contrary intent by the testator, it would be assumed in accordance with the rule generally prevailing, that he intended that the income which at the time of the life beneficiary's death was available for distribution in the hands of the trustee should go to the beneficiary's estate. *First Nat. Bk. and Tr. Co.* v. *Baker,* 124 Conn 577, 1 A2d 283, 118 ALR 339, 351; *Re Downer,* 232 Iowa 152, 5 NW 2d 147, 141 ALR 1463; *Gorham* v. *Gorham,* 99 Conn 187, 121 A 349; *Seitzinger's Estate,* 170 Pa 500, 32 A 1097, and other cases cited in annotation 141 ALR commencing at p. 1466.

In the present case the defendant's contention is, in effect, that the discretion intended to be given is broad enough to warrant the trustee in paying income or refusing ever to pay it; in other words that the whole of the income does not vest in the beneficiary but only such portions thereof as the trustee shall see fit to pay to her from time to time.

The plaintiff contends that it was the intent of the testator that all of the income should vest in the beneficiary and the discretion given to the trustee was intended to be only as to the time and manner of making payments.

In considering this question it is significant that the income from this fund is given to this beneficiary alone. There is no provision for its being paid to anyone else or treated as principal under any circumstances. It is the principal only that is directed to be paid to the testator's "legal heirs" at the expiration of the trust. Furthermore the beneficiary became a public charge on October 2, 1930, and for several years prior to that had been dependent upon relatives for support and comfort. It must have been apparent to the testator before his death in 1924 that the whole of the income that could be expected from a fund of this amount would be no more than enough to provide for her maintenance and comfort even if she was then and should continue to be in normal health. No doubt the testator also had in mind that the trustee was one of his probable heirs, and would have some personal interest in having income withheld and paid to the testator's estate.

We conclude that it was the intent of the testator to give all of the income to the life beneficiary and that he intended to give the trustee discretion merely as to the mode and time of payment and not as to paying the income or withholding it entirely.

Such was the conclusion reached in the leading New York case of *Bloodgood* v. *Lewis,* 209 NY 95, 102 NE 610, where the testator's will and codicil gave the residuary estate to trustees during the life of the testator's two daughters and the survivor of them and directed the trustees to pay out of the income for designated purposes and to distribute the residue thereof to his two sons and two daughters in equal shares, with the further direction that as long as the daughter Mary continued to be of unsound mind the trustees should pay, in their discretion, so much of Mary's share as might be required for her comfortable care and support to the daughter Rosetta to be so used. Mary's mental trouble continued until her death and at the expiration of.the trust a sum of money had accumulated in the hands of the trustees from the unused portions of Mary's share of the income. The court held that the testator's intent to give to Mary the whole of her one-fourth of the residue income was apparent from the language used. The will "did not empower the trustees to determine, in their discretion,

what her share of the residue income should be or how much was bequeathed to her. It empowered them, rather, to determine, in their discretion, how much of the one-fourth equal part bequeathed to her should be expended for her benefit and made them custodians and conservators of the unexpended balance." Cases illustrative of the principle involved or some phase of it under varying circumstances are *Cromwell* v. *Converse,* 108 Conn 412, 143 A 416, 61 ALR 663; *Draper* v. *Palmer,* 54 Hun. 637, 7 NYS 614; *Rhode Island Hosp. Tr. Co.* v. *Noyes,* 26 RI 323, 58 A 999; *Matter of Arnould,* 176 Misc. 793, 29 NYS2d 386; *In re Shotwell's Trusteeships,* 60 SD 553, 245 NW 251; *Lippincott* v. *Stottsenburg,* 47 NJ Eq 21, 20 A 360.

From what we have said it is apparent that the plaintiff Harlacker as conservator of the beneficiary should not be required, as contended by the trustee, to repay to the trustee the income or any part thereof which has been paid by the trustee to said conservator.

We hold that the income from the trust fund accumulated in the hands of the trustee should be paid to the plaintiff Harlacker as administrator of the beneficiary's estate. The proper application of such accumulated income as between creditors of the beneficiary and her heirs and next of kin by such administrator is within the jurisdiction of the Rhode Island court that appointed him. The trust from which this income arose was what is generally termed a spendthrift trust and such trusts have long been held to be valid in Vermont: *In re Manley's Est.,* 112 Vt 314, 24 A2d 357; *Town of Shrewsbury* v. *Bucklin,* 105 Vt 188, 163 A 626, 86 ALR 133; *Barnes* v. *Dow,* 59 Vt 530, 10 A 258. What effect that fact may have, if any, upon the rights of claimed creditors would likewise be for the determination of that court.

*The judgment of the Windsor County Court is affirmed in part and reversed in part, and in lieu thereof it is adjudged and declared:*

> *1. That Joseph C. Harlacker, as Administrator of the Estate of Annie E. Burrows, and the heirs of her estate are entitled to recover the income which has accumulated on the ten thousand dollar trust fund in the hands of George G. Clark, as Trustee, under the decree of the Probate Court for the District of Hart-*

*ford in the Estate of Daniel W. Burrows;*
*2. That the said Clark as said Trustee and the Heirs*
*of the Daniel W. Burrows Estate, are not entitled to*
*recover back from Joseph C. Harlacker the income*
*paid by said Clark as said Trustee to said Harlacker*
*as Conservator of Annie E. Burrows during her life-*
*time.*

*To be certified to the Probate Court.*