In the Matter of the Construction of the Will of ADAM SULIMA, Deceased.

Surrogate's Court, New York County, May 26, 1948.

*Ralph W. Noe* for Fifth Avenue Bank of New York, as trustee under the will of Adam Sulima, deceased, petitioner.

COLLINS, S. Subdivision II of the fifteenth article of decedent's will created a trust of a portion of the residuary estate

and directed that the entire trust income be paid to the beneficiary during his lifetime. The court is asked to construe the direction in the will that upon the death of the income beneficiary the principal of the trust fund '' and any income remaining undistributed in the hands of the trustee '' be paid to a named remainderman.

There is no question but that decedent intended to give the entire income of the trust to the beneficiary during the latter's lifetime. The trustee was granted no authority to withhold income for any purpose. The beneficiary became entitled to the income upon its receipt by the trustee and any delay incidental to payment by the trustee would not affect the beneficiary's right to the funds. To permit a delay in making payment to divest the beneficiary of the right to payment would result in an unlawful accumulation of income in violation of section 16 of the Personal Property Law and section 61 of the Real Property Law. The will does not contain a direction against apportionment pursuant to section 204 of the Surrogate's Court Act. (*Matter of Watson*, 144 Misc. 213, mod. 237 App. Div. 625, mod. 262 N. Y. 284.) The court holds that the estate of the deceased beneficiary is entitled to all income collected or accrued to the date of the beneficiary's death. (*Matter of Keogh*, 47 Misc. 37, mod. 112 App. Div. 414, affd. 186 N. Y. 544; *Matter of Hoyt*, 116 App. Div. 217, affd. 189 N. Y. 511; *Matter of Arnould*, 176 Misc. 793; *Matter of Stephani*, 161 Misc. 803, affd. 253 App. Div. 705.)

Submit decree construing will accordingly.