In the Matter of the Judicial Settlement of the Account of ONTARIO COUNTY TRUST COMPANY, as Administrator with the Will Annexed of JOHN L. JOHNSON, Deceased.

JENNIE A. STONEY, Individually and as Executrix, etc., of WILLIAM S. JOHNSON, Deceased, Appellant; CLIFFORD L. JOHNSON and Another, Respondents.

Fourth Department, November 5, 1931.

*Arthur J. Hammond*, for the appellant.

*Myron D. Short*, for the respondents.

SEARS, P. J. The controversy in this case is over the construction of the 6th paragraph of the last will and testament of John L. Johnson, deceased. The paragraph is as follows:

" *Sixth.* I give and bequeath to my daughter Julia Durgy the annual interest and income of $18,000 to be paid to her for and during her natural life, the first payment to be made one year after my death and annually thereafter and this bequest to be of and discharged all marital claims of her husband. If my said daughter shall have and leave child or children her surviving the principal sum at her death to be paid to such child or children in equal shares when they shall attain respectively the age of twenty-one years, and the annual income during their minority to be paid to their guardian for their support.

" In case of the decease of the said Julia Durgy without leaving issue, or the death of said issue during minority, then the said principal sum of $18,000 to go to my sons Lewis M. and William S. in equal shares."

The testator died in 1885, leaving surviving him his wife, Caroline S. Johnson, who died May 3, 1897, and two sons, Lewis M. Johnson and William S. Johnson, and a daughter, Julia Durgy. Julia Durgy died December 22, 1927, leaving no children surviving her. In fact, she never had any children. William S. Johnson, one of the sons, died July 13, 1913, without issue. In his will, his wife, Jennie A. Johnson, the appellant here, was named sole legatee and executor. Lewis M. Johnson, the other son, died, intestate, December 6, 1924, leaving two children, Clifford L. Johnson and

Doris C. Allen, who are now living and who are the respondents upon this appeal. Clifford L. Johnson is the administrator of the estate of Lewis M. Johnson.

No question has arisen as to the life interest of the testator's daughter in the $18,000 fund. The questions relate to the disposition following her death.

The will provided for two alternatives with respect to the distribution of the fund after her death: *First,* if Julia left no issue, then the fund was to go to the testator's sons, Lewis and William, in equal shares; *second,* if she left a child or children surviving her, the principal fund was to be paid to her child or children in equal shares when they should attain respectively the age of twenty-one years, the income to be paid during their minority to their guardian for their support; but, in case of the death of the issue of Julia during minority, the principal sum of $18,000 was to go to the testator's sons Lewis and William.

Consideration may well be given first to the second of these alternatives. It is not necessary to determine whether or not the testator intended that this provision for the children of Julia should include cross-remainders or whether or not the testator intended that the interest of any one of several children of Julia should pass to the testator's sons Lewis and William upon his death during minority. For the construction of the will in its applicability to the situation before us, it is sufficient to observe that this alternative provision is invalid in any case. The provisions of the Revised Statutes (Pt. 2, chap. 4, tit. 4, §§ 1, 2; now in substance Pers. Prop. Law, § 11, as amd. by Laws of 1929, chap. 229), in effect at the time of the death of the testator, contained the following provisions: " The absolute ownership of personal property shall not be suspended by any limitation or condition whatever, for a longer period than during the continuance and until the termination of not more than two lives in being at the date of the instrument containing such limitation or condition; or if such instrument be a will, for not more than two lives in being at the death of the testator. In all other respects, limitations of future or contingent interests in personal property, shall be subject to the rules prescribed in the first chapter of this act, in relation to future estates in lands."

The children of Julia mentioned in this clause were not in being at the death of the testator. It is true that the provision for such children does not suspend the power of alienation beyond the life of Julia Durgy. (R. S. pt. 2, chap. 1, tit. 2, § 16; now contained in Real Prop. Law, § 42, as amd. by Laws of 1929, chap. 229.) The words " absolute ownership," in the statute quoted, prohibit, however, not only the suspension of the power of alienation, but

also a postponement of vesting beyond the lives of two persons in being. By the clause of the will under consideration, the absolute ownership of any child's interest in the fund would not result, at least until his majority. Thus the provision contravenes the statute. (*Matter of Wilcox*, 194 N. Y. 288.)

The invalidity of the second provision, however, does not affect the validity of the first alternative. The rule in this regard is stated in Chaplin on the Suspension of the Power of Alienation ([3d ed.], § 532) as follows: "Where the instrument provides for a future disposition of the property, by making alternative limitations, one or the other of which is to take effect according to the happening of specified alternative contingencies, the mere fact that the limitation over upon one contingency is invalid because it might involve undue suspension, or postponement of vesting, does not invalidate the other limitation which, if the contingency upon which it would become operative should occur, could not possibly occasion such undue suspension or postponement." The rule thus stated is amply supported by authority. (*Church* v. *Wilson*, 152 App. Div. 844; affd., 209 N. Y. 553; *Kiah* v. *Grenier*, 56 id. 220; *Schettler* v. *Smith*, 41 id. 328.)

In *Matter of Wilcox* (*supra*) the rule is recognized, but it was there held that the rule was not applicable because alternative provisions were not expressly contained in the will there being construed.

The question is then reached as to whether the provision for Lewis and William, conditioned upon Julia's dying without issue, was or was not also conditioned upon their surviving Julia. They did not, in fact, survive Julia. If such was the intention of the testator, the $18,000 falls into the residuary estate of which, by the will, the testator's three children, Julia, Lewis and William, are the beneficiaries. (*Benedict* v. *Salmon*, 177 App. Div. 385; affd., 223 N. Y. 707; *Langley* v. *Westchester Trust Co.*, 180 id. 326.) The fundamental question here, as always, is the intention of the testator. The intention is not always easy to discover. Paragraph 6 of the will, seemingly, was intended to cover a disposition of the $18,000 in every possible contingency. If the gift to Lewis and William was construed as conditional upon their surviving Julia, the fund, under the circumstances which occurred, fell into the residuary estate and passed as part of the residuary estate to all three of the testator's children. It is hardly probable that the testator intended any interest in the $18,000 fund to belong to his daughter Julia, except as provided in the 6th paragraph itself. Further, the remaindermen are not members of a class but named individuals, and they are the sons of the testator. It would seem

more probable that a testator would give his sons fully alienable and indefeasible rights rather than interests terminable at their respective deaths. These circumstances lead us to the conclusion that the right of Lewis and William was a vested right to a contingent interest not dependent on their surviving their sister Julia, but was alienable and constituted assets of their respective estates. (*Hennessy* v. *Patterson*, 85 N. Y. 91; *Roosa* v. *Harrington*, 171 id. 341; *Matter of Banker*, 223 App. Div. 496; affd., 248 N. Y. 596; *Matter of Bump*, 234 id. 60.)

In the 6th paragraph the provision intended for the benefit of the children of Julia is phrased only as a direction to pay the principal sum and interest, and there are no specific words of bequest to Lewis and William of the remainder, except as they are found in the words, " the said principal sum of $18,000 to go to my sons." These circumstances are by no means convincing proof of an intent of testator to make the interests of the sons contingent upon their surviving their sister. The words used are not the usual ones to which the so-called " divide and pay over " rule apply. But even that rule is one which easily gives way before more cogent indications of intent, such as are here present. (*Fulton Trust Co.* v. *Phillips*, 218 N. Y. 573.)

These considerations result in a determination that the fund upon the death of Julia without issue passed to the personal representatives of the two sons of the testator, Lewis and William, in equal shares as assets of their respective estates.

The decree appealed from in so far as it conflicts with the foregoing opinion and in respect to the allowance of costs to Clifford L. Johnson and Doris C. Allen and their attorney, should be reversed with costs to the appellant payable out of the fund and the matter remitted to the Surrogate's Court to enter a decree modifying the decree already entered so that it will accord with this opinion.

All concur. Present — SEARS, P. J., CROUCH, TAYLOR, EDGCOMB and CROSBY, JJ.

Decree ordered modified on the law in accordance with the opinion, and as modified affirmed, with costs to the appellant payable out of the estate.