In the Matter of the Estate of SARAH E. WHITE, Deceased.

Surrogate's Court, Kings County, December 9, 1932.

*Conrad Saxe Keyes,* special guardian.

*Gray & Tomlin,* for the petitioners.

*Wood, Wood & Wood,* for Helene J. Thorne.

*Edward H. Wilson,* for Gertrude Thorne Bartlett.

WINGATE, S.   After directing that her debts and funeral expenses be paid and providing for certain general legacies, testatrix, in

paragraph " eighth " of her will, gives the residue of her estate to her executors in trust. They are directed to sell and dispose of the real estate and to convert it into cash. The sum of $6,000 is to be invested, and the income thereof paid to the sister of the testatrix, Carrie A. Cole, during the lifetime of Frederick F. White, a son of the testatrix. Upon the death of Carrie A. Cole, Frederick F. White surviving, such sum is to continue and remain a part of the estate and be disposed of by the executors " according to the general directions as to my property herein contained." The balance of the residuary estate is also to be invested, the income or interest thereof to be paid to Frederick F. White during the lifetime of his wife, Mary C. White. In the event that Frederick F. White should die, leaving his wife, Mary C. White, and his daughter, Lelia K. White, surviving, the sums of $45,000 and $30,000 are to be invested for purposes designated. Clause IX of paragraph " eighth " then follows: " To pay over and distribute all the rest, residue and remainder of my estate not hereinbefore effectually disposed of equally between my brothers Peter J. Thorne, John K. Thorne and Harry C. Thorne and my sister the said Carrie A. Cole or such of them as may be living at the time of my death and the lawful issue of any who may have died, such issue to take the share the parent would have taken if living *per stirpes* and not *per capita*, and in providing for such equal distribution the legacies hereinbefore given to my said brothers and my said sister shall be considered counted and apportioned and said legacies included, each such shall receive an equal amount and neither shall receive more than each of the others."

In paragraph " eighth " testatrix makes provision concerning certain other contingencies, which, not having occurred, are not pertinent to present consideration.

The testatrix died in March, 1905. Frederick F. White died on March 19, 1932, leaving his wife, Mary C. White, and his daughter Lelia him surviving. Carrie A. Cole and her brothers, Peter J. Thorne, John K. Thorne and Harry C. Thorne, all survived the testatrix and died during the lifetime of Frederick F. White, each being survived by issue, some of which issue have predeceased Frederick F. White.

The chief question involved is whether the remainders in clause IX of paragraph " eighth " became vested upon the death of the testatrix; became vested thereupon subject to divestiture by the death, prior to that of Frederick F. White, of a remainderman survived by issue; were contingent upon surviving Frederick F. White. It is the opinion of the court that upon the death of the testatrix, these remainders became vested in Carrie A. Cole, Peter

J. Thorne, John K. Thorne and Harry C. Thorne indefeasibly. The provision in remainder is made to the four designated individuals " or such of them as may be living *at the time of my death* \* \* \*." If this clause had stopped with the phrase just quoted, there would be no question that the remainders vested at the death of the testatrix. Nor is there anything in the subsequent language of the clause to indicate an intent that the remainders should vest at any other point of time or that they were subject to divestiture. The remainder is to be distributed equally among the brothers and sister " or such of them as may be living at the time of my death *and the lawful issue of any who may have died,* such issue to take the share the parent would have taken if living *per stirpes* \* \* \*." The gift to the " issue " is substitutional, and is to take effect in the event that the primary gift is impossible of fulfillment. (*Matter of Evans,* 234 N. Y. 42; *Matter of Burdsall,* 128 Misc. 582; affd., 221 App. Div. 756.) From the express language of the will, such impossibility arises only in the event of a death prior to the death of the testatrix.

The cases cited on behalf of those who would have the remainders declared vested subject to divestiture by a death prior to that of Frederick F. White are readily distinguishable.

In those cases (among which *Marsh* v. *Consumers Park Brewing Co.,* 220 N. Y. 205; *Lyons* v. *Ostrander,* 167 id. 135, and *Staples* v. *Mead,* 152 App. Div. 745, are noteworthy) there was substantially a gift to A for life, remainder to B, C and D, the issue of such as may have died to take the share to which his, her or their parents would, if living, have been entitled. The canon of construction applied in these and similar cases can have no applicability to a situation like the present where the time of the death of the testatrix is expressly made the point of reference. Neither is the " divide and pay over " rule pertinent. This canon yields to evidence of a contrary intent, which evidence is abundant in the instant case. (*Fulton Trust Company* v. *Phillips,* 218 N. Y. 573; *Matter of Johnson,* 233 App. Div. 587.)

The interest of Carrie A. Cole in the income of the sum of $6,000 terminated upon the death of Frederick F. White. The value of this interest must be determined. In the opinion of the court, this value should be based upon the actual duration of the beneficial interest and not upon the probable or estimated duration by reference to the date of the death of the testatrix and to the mortality tables then in effect. Only thus can the dictates of the testatrix be met; that each *receive* " an equal amount and neither shall receive more than each of the others." Actual not theoretical equality was the testamentary intent.

Proceed accordingly.