In the Matter of the Will of MARY STEINHAUSER, Deceased.

Surrogate's Court, Westchester County, December 14, 1945.

*Rathbone, Perry, Kelley & Drye* for petitioner.

GRIFFITHS, S. A distributee of testatrix has instituted the within proceeding for construction pursuant to section 145 of the Surrogate's Court Act to obtain a determination as to the effect of the provisions of clause "First" of the will, which reads as follows: "First: After all my just debts and funeral expenses are paid, I give, devise and bequeath all my property, real and personal, to my husband, Francis J. Steinhauser. In the event of his death before me, I give, devise and bequeath all such property to his three children, to be divided equally among them, share and share alike."

The husband of testatrix predeceased her, as did one of his three children. The testatrix was survived by three sisters and a brother as her sole distributees. The question is presented as to whether the gift is one to a class or whether the decedent died intestate as to the share of the child of decedent's husband who predeceased testatrix.

The court determines that the gift to the three children to be divided equally among them does not constitute a gift to a class. A class gift has been described as a gift of property as an unapportioned whole accompanied by uncertainty as to the number of shares or the takers of shares. (*Herzog* v. *Title Guarantee & Trust Co.*, 177 N. Y. 86; *Matter of Kimberly*, 150 N. Y. 90.) The gift is not one to a class where the bequest is made to persons *nominatim* or so described as to be fixed by description at the time of the gift so that there can be no fluctuation. (*Mat-*

*ter of King,* 200 N. Y. 189.) Since the number of persons who would share under the will and the fraction of the share that each was to receive was definitely fixed by the provisions of the will, there was in effect a gift of one third of the residuary estate to each of the three designated persons if they survived the testatrix. The designation by number was as distinct as though such children of decedent's husband by a prior marriage had been described *nominatim.* The court accordingly determines that an undivided one-third interest in the residuary estate is vested in each of the two surviving stepchildren of the testatrix, and that the testatrix died intestate as to the remaining one-third share. Nor is the gift saved by the provisions of section 29 of the Decedent Estate Law. Such section has no application since the deceased legatee is a stepchild of the testatrix and therefore not within the prescribed degree of relationship to the testatrix. (*Matter of Reynolds,* 109 Misc. 453, affd. 192 App. Div. 937; *Matter of Tamargo,* 220 N. Y. 225.) The provision for the gift which has lapsed being a portion of the residuary clause of the will, such share may not be employed to augment the shares of the survivors. (*Wright* v. *Wright,* 225 N. Y. 329.)

Settle decree construing the will accordingly.