In the Matter of the Construction of the Will of LAMBERT SUYDAM, Deceased.

Surrogate's Court, New York County, May 21, 1948.

*Thomas Jefferson Ryan* for City Bank.Farmers Trust Company, as substituted trustee under the will of Lambert Suydam, deceased, petitioner.

*Thomas W. Kelly* for Emilie L. S. Moore and another, respondents.

*Howard C. Kelly* for Richard L. Suydam, individually and as legatee, and another, respondents.

*S. M. & D. E. Meeker* for Jessie R. Suydam and another, as executors of Lambert Suydam, deceased, respondents.

*Vincent R. Fitzpatrick,* special guardian for Cecile Jones and others, respondents.

COLLINS, S. This is a proceeding for the construction of the will. The testator died in 1916. Under paragraph eighth he created a trust for two nieces, Lottie S. and Annie R. Weaver, with income payable to them during their respective lives. Upon the death of the survivor the principal is directed to be divided among the issue of the nieces. The testator then provided: "In the event of the death of both of my said nieces, LOTTIE S. and ANNIE R. WEAVER, leaving no issue surviving to either of them, then I direct my executors and trustees to divide said principal fund equally among the three children of my deceased brother JAMES, namely: EMILIE L. MOORE, LOUISE S. AUSTIN and LAMBERT SUYDAM, issue of any deceased child to take parent's share."

Paragraph "Ninth" provides: "All the rest, residue and remainder of my estate both real and personal including lapsed legacies, I give to the three children of my deceased brother JAMES, share and share alike, namely: EMILIE L. MOORE, LOUISE S. AUSTIN and LAMBERT SUYDAM, issue of any deceased child to take parent's share."

Both life tenants and the three named remaindermen survived the testator. Lottie S. Weaver died in 1929 without issue; Annie R. Weaver died in 1945 without issue, thus terminating the trust. Of the three named remaindermen, Emilie L. Moore still survives. Louise S. Austin died in 1920 leaving a daughter, Emily A. Jones, her surviving; Lambert Suydam died in 1924 without issue. The question raised involves the disposition of the remainder. The court holds that the testator intended to vest the remainder in equal shares in the three named remaindermen subject to being thereafter divested (1) if either or both of the life tenants died leaving issue and (2) if any one of the remaindermen died leaving issue (*Matter of Watson*, 262 N. Y. 284; *Stringer* v. *Young*, 191 N. Y. 157; *Matter of Schaefer*, 160 Misc. 43). In the latter event, a per stirpes distribution to issue was plainly indicated.

The gift of the remainder was to the children of the deceased brother, James, *nominatim*. There was no uncertainty as to the persons intended. It was not a gift to a class (*Matter of King*, 200 N. Y. 189; *Matter of Russell*, 168 N. Y. 169; *Herzog* v. *Title Guar. Trust Co.*, 177 N. Y. 86; *Staples* v. *Mead*, 152 App. Div. 745; *Matter of Steinhauser*, 186 Misc. 154; *Matter of Clark*, 120 Misc. 191; *Matter of Baumiller*, 155 Misc. 815). The sole contingency upon which the alternative gift of the remainder to the named individuals was to take effect was the death of the life tenants without issue. Survivorship to the termination of the trust was not a condition upon which the remainder to them was limited. The gift over to the issue of the named remaindermen operated only as a divesture clause as to a remainderman who died leaving issue. The provision for the substitution of the issue of any remainderman who died leaving issue did not affect the vesting of the interest in such remainderman (*Matter of Watson, supra*; *Matter of Schaefer, supra*).

The similarity between the language of the present will and that in *Matter of Watson* and *Matter of Schaefer* (*supra*) is striking. In each of the latter cases the remainders were held to be vested subject to being divested by contingencies which did not occur.

The intention to vest the remainder in the three-named remaindermen is further emphasized by the provisions of paragraph ninth of the will which gave them vested interests as of the date of testator's death in the entire residuary estate.

It has been urged here that the remainders are contingent because of the language of paragraph eighth which directs that the trustees " divide " the remainder upon the termination of

the trust; that the " divide and pay over " rule must therefore be applied. As said by Judge Cardozo in *Matter of Buechner* (226 N. Y. 440, 443): " This is no case again for subtle distinctions between directions to pay or distribute, and words of present gift (*Fulton Trust Co.* v. *Phillips,* 218 N. Y. 573, 583; *Matter of Baer,* 147 N. Y. 348). Such tests may help to ascertain the membership of a class not otherwise defined. There is no need to resort to them when the testator has defined the membership himself." The testator here in no uncertain terms has limited the gift of the remainder to Emilie L. Moore, Louise S. Austin and Lambert Suydam, the children of his deceased brother James, subject to the contingencies above referred to. Accordingly the court determines that one third of the remainder is vested in Emilie L. Moore, who is still living and one third in Emily A. Jones, the only child of Louise S. Austin, who predeceased the life tenant. As Lambert Suydam never had issue, his interest in the remainder was never divested and one third of the principal has become payable to his estate.

Proceed accordingly.