Maximilian Moss, S.
An incident to a final account rendered by a substitute trustee a construction is required of the will’s fourth clause to determine the manner of disposition of the principal of the trust for Florence A. Hawley, whether shares of the principal are distributable per stirpes or per capita, adjudging the rights of an adopted son of the testator’s great-grandson and another item of relief.
By the terms of the paragraph to be construed, the testator created a trust for his daughter, Florence, with remainder on her death to her lawful issue, or if none, to her brothers and sisters, in equal shares, and if either of them die before the life beneficiary leaving issue, the share which the one so dying would have taken, if living, shall go to such issue. The testator died August 23, 1879 leaving surviving his widow, two daughters, one of whom was Florence, and three sons. Florence survived her sister and three brothers and died leaving no issue surviving. The sister and one brother left no issue and the other two brothers left issue, who survived Florence.
The court is satisfied on the facts heretofore presented, and by the petition which indicates that Oscar F. Hawley, Jr. has been absent and unheard of for a period in excess of 58 years and that Herbert Hawley has similarly absented himself for a period exceeding 22 years, that presumptions may be indulged in that they both predeceased Florence leaving only the issue named in the petition surviving them and Florence.
In construing a will, the primary objective is to determine the testator’s expressed intention and give effect to it (Matter of Krooss, 302 N. Y. 424, 429; Keteltas v. Keteltas, 72 N. Y. 312, 314; Matter of Pennock, 285 N. Y. 475, 483); to find, if possible, a construction which accomplishes the vesting of the estate since such a result would enable property to be freely transferred at the earliest possible moment (Matter of Krooss, supra; Matter of Campbell, 307 N. Y. 29, 33), and finally, to adopt an interpre *929 tation which avoids whole or partial intestacy (Matter of Birdsell, 271 App. Div. 90, affd. 296 N. Y. 840; Matter of Knickenberg, 180 Misc. 217; Matter of Greene, 104 N. Y. S. 2d 954).
In the light of these legal principles and the many rules favoring the early vesting of estates (Matter of Leonard, 143 Misc. 172, 179; Matter of Jodice, 155 N. Y. S. 2d 886, and cases cited), the court determines that Oscar F. Hawley, Edwin C. Hawley, Lucius P. Hawley, the brothers of Florence and Mary A. Hawley, her sister, each acquired vested remainders in an equal share of the trust created for Florence, at the time of the testator’s death, subject to divestment only by the death of Florence leaving issue her surviving or their deaths prior to Florence leaving issue her surviving. Since Florence died leaving no issue, the principal is distributable to the issue of the deceased brothers, Oscar F. Hawley, Jr. and Edwin C. Hawley, and to the estates of Lucius P. Hawley and Mary A. Hawley (Matter of Schaefer, 160 Misc. 43; Matter of Hoole, 156 Misc. 821; Matter of Banker, 223 App. Div. 496, affd. 248 N. Y. 596; Matter of Woodruff, 135 Misc. 203; Matter of Allison, 53 Misc. 222, affd. 122 App. Div. 898). Although section 47-a of the Decedent Estate Law has no application herein since the testator died almost a half century prior to its effective date, nevertheless, there is present throughout this instrument more than the “ faint glimpse ” of an intention sufficient to effect a stirpita distribution (Matter of Farmers’ Loan & Trust Co., 213 N. Y. 168; Central Hanover Bank & Trust Co. v. Pell, 268 N. Y. 354; Matter of Wertheim, 155 N. Y. S. 2d 920). The shares of the trust principal payable to the issue of the deceased brothers are distributable to such issue per stirpes and not per capita.
The adoption of Robert Ross Hawley occurred subsequent to the will’s date and after the testator’s death. The term “ issue ” is generally construed as referring to descendants and not children by adoption (Matter of Holt, 206 Misc. 789; Matter of Baur, 205 Misc. 551; Matter of Upjohn, 304 N. Y. 366, 375). Robert Ross Hawley does not qualify to take a share as issue of testator.
It was urged by one of the learned special guardians that a decision of the Supreme Court, Kings County, construing the will in the settlement of the account of the trustee of the trust created for Mary A. Hawley is res judicata. If the issues presented in a subsequent proceeding between the same parties were adjudicated and determined in a former one, then the principle of res judicata governs. Since the parties to the previous construction of a similar article of the will in the Supreme Court, Kings County, are not the same parties to this account, *930 manifestly res judicata has no application. While the court will generally adhere to matters determined by decision, the doctrine of stare decisis will not be applied where the court is of the opinion that a different result is indicated by the facts and law, nor is the court required to follow the decision rendered in a court of co-ordinate jurisdiction (Matter of Herle, 165 Misc. 46; Matter of Brundage, 163 Misc. 1). Settle decree on notice.