Jambs J. Coneoy, J.
The plaintiffs and the third-party defendant move for an order (1) striking out the defenses and counterclaims for insufficiency (Rules Civ. Prae., rule 109), (2) for judgment on the pleadings (rule 112) and (3) in the alternative, for summary judgment (rule 113).
The action was brought pursuant to article 15 of the Real Property Law to compel determination of claims to certain real property located at College Point, Queens County, New York. There is no dispute as to the material facts.
Prior to 1924 the real property here involved was owned by one John Ley. He died on May 11, 1924, leaving him surviving a daughter, Emma, and a son, Albert. John’s will was admitted to probate by the Surrogate’s Court, Queens County, on May 27, 1924.
By the terms of his will John gave to his daughter, Emma, a life estate in this real property. Upon her death the fee was to pass to her issue. “In default of such issue upon the termination of said life estate, the fee to said premises shall pass to my son, Albert Ley, his heirs and assigns, absolutely and forever.” (Art. 3 of John’s will.)
On July 26, 1930, Albert and his wife executed and delivered to Emma a full covenant and warranty deed conveying their interest in the property to Emma. Albert died intestate on September 12, 1949, leaving him surviving his wife (the third-party defendant) and two sons (the plaintiffs herein).
Emma died without issue on November 22, 1959. In her will, which was admitted to probate on April 19,1960, she named her husband, the defendant Henry Flessel, as executor and sole devisee.
Plaintiffs and the third-party defendant contend that Albert’s interest under the will of John was contingent and would vest in him only if he survived the life tenant and the life tenant *433 died without issue; that, therefore, when Albert and his wife delivered the warranty deed to Emma on July 26, 1930, he had no vested interest, but only a future contingent interest; that since Albert predeceased his sister, Emma, no rights ever vested in him and that, therefore, no title was conveyed by his deed to Emma; that since Emma died without issue the remainder to Albert did not lapse, but vested in Albert’s children, the plaintiffs.
This entire argument hinges, of course, on the contention that Albert’s interest was contingent and not vested. Defendant contends that Albert’s interest was a vested remainder.
A future estate is vested ‘ when there is a person in being, who would have an immediate right to the possession of the property, on the determination of all the intermediate or precedent estates” (Real Property Law, § 40 ; Moore v. Littel, 41 N. Y. 66, 76). In the light of this definition it is apparent that Albert had a vested remainder on the day he and his wife executed the deed to Emma because if Emma had died on that day Albert would have succeeded to the property.
In Matter of Elting (268 App. Div. 74, affd. 294 N. Y. 941) the testatrix established a trust fund for the benefit of her husband and her son for life. Upon the death of the survivor die corpus of the trust was to go to the children of the son, but if he died without issue then to the children of testatrix’ nephew and niece. The son died without issue in 1942. The testatrix had died in 1904 and her husband in 1909. At the time of testatrix’ death in 1904 her nephew and niece each had three children living. The nephew’s three children had all died prior to the death of testatrix’ son in 1942. The three children of the niece all survived the son.
The lower court held that the gifts to the children of the nephew and niece were contingent remainders which did not vest until the death of testatrix’ son without issue, at which time the corpus of the trust vested in the then living three children of the niece to the exclusion of the legal representatives of the three deceased children of the nephew.
The Appellate Division reversed and held that title to the corpus of the trust vested in the six children of the niece and nephew upon the death of the testatrix, subject only to being divested by the death of the son with issue him surviving and to modification by being opened to let in after-born children of the niece and nephew to share in the corpus. None of these con-i ¡agencies having occurred, the remainders were never divested and the legal representatives of the nephew’s three children, *434 who survived the testatrix, but who predeceased the last life tenant, were entitled to share in the distribution of the corpus of the trust equally with the three surviving children of the niece. The Court of Appeals affirmed the Appellate Division’s determination.
In the light of the J'Siting case it is apparent that the estate which Albert received under the terms of John’s will was a vested remainder, subject to being divested if Emma died leaving issue. This vested interest he conveyed to Emma by his deed (Real Property Law, § 59). Emma thus acquired full title to the fee, owning the life estate and the vested remainder, but subject to being divested of the remainder if she left issue her surviving. Since she left no issue the remainder was never divested from her and passed, by her will, to her husband, the defendant Flessel. Accordingly, summary judgment is granted in favor of the defendant dismissing the complaint. The motion of the third-party defendant is academic. The motion of the plaintiffs is denied.