Otto C. Jaegeb, S.
In this trustees’ accounting proceeding, petitioner has requested the court to determine the effectiveness of assignments of their interest in decedent’s estate made by certain of decedent’s first cousins.
Decedent died on May 21, 1932 leaving a will and codicil which were admitted to prolate on June 28, 1933 under a special decree after the compromise of objections. Under article Fifth of the will, as compromised, decedent established a trust of personal property under which the income was to be paid successively to his wife and daughter, Dorothy Sparrow Best, for life, and then the remainder was disposed of as follows:
“ (a) In the event that said Dorothy Sparrow Best shall die leaving issue her surviving the entire remainder thereof, both principal and accumulated income, if any, shall be paid in equal shares to the issue of said Dorothy Sparrow Best per stirpes;
“ (b) In the event that said Dorothy Sparrow Best shall die without issue surviving then the entire remainder thereof shall be paid over in equal parts to my first cousins living at the time of my death, and if any of them shall be dead at the time of the distribution of said trust fund, then to their children, in equal shares per stirpes, to whom I give and bequeath the same.”
A similar trust of decedent’s real property is contained in articles Tenth and Eleventh of the will as compromised.
At the date of decedent’s death, he was survived by his wife, his daughter, Dorothy, and 10 first cousins. Nine of the first cousins assigned all their interest in decedent’s estate to the daughter, Dorothy, in connection with the compromise of the probate proceeding. Decedent’s wife died in 1935 and his daugh *619 ter, Dorothy, died without issue in 1968. The nature of the trust remainders and the effect of the assignments are the matters at issue. The fiduciary of the estate oi Dorothy Sparrow Best makes claim, as assignee, to the interests assigned by two first cousins who predeceased Dorothy, leaving no issue, and the interests assigned by four first cousins whose whereabouts are now unknown. Three other first cousins, who executed assignments, predeceased Dorothy but left issue surviving Dorothy. The tenth cousin made no assignment.
The trust remainders here fall within the definition of “ future estate vested subject to complete defeasance ” as contained in EPTL 6-4.9: “A future estate vested subject to complete defeasance is an estate created in favor of one or more ascertained persons in being, which would become an estate in possession upon the expiration of the preceding estates, but may end or may be terminated as provided by the creator .at, before or after the expiration of such preceding estates.”
This section reenacted section 40-b of the Beal Property Law without substantive change. The latter section was one of the classifications of estates in property defined by chapter 204 of the Laws of 1965, which chapter was enacted on the joint recommendation of the Law Bevision Commission and Temporary State Commission on the Law of Estates, “ to eliminate the confusion now existing in the New York law of future interests, and to provide new definitions of four future estates long recognized by judicial decision but presently undefined, without making any fundamental change in the present New York law.” (1965 Beport of N. Y. Law Bev. Comm., p. 674.)
The 10 first cousins of testator, in being at the time of his death, had an immediate right to possession of the trust remainders on the termination of all intermediate or precedent estates and thus had a vested future estate. (Moore v. Littel, 41 N. Y. 66; Matter of Elting, 268 App. Div. 74, affd. 294 N. Y. 941; Ley v. Flessel, 28 Misc 2d 431, affd. 15 A D 2d 821; Matter of Hawley, 6 Misc 2d 927.) A future or expectant estate is descendible, devisable and alienable in the same manner as an estate in possession -(Baltes v. Union Trust Co. of New York, 180 N. Y. 183; see, also, EPTL 6-5.1 and its source).
Thus, in accordance with the terms of the will, the 10 first cousins of decedent received vested remainders of the trusts subject to defeasance. Upon the death of Dorothy Sparrow Best without issue, the three first cousins who predeceased her, but left issue, were divested of their remainders and said remainders then vested in the respective issue of said cousins. *620 Thus the assignments by said three cousins to Dorothy became ineffectual.
With regard to the two first cousins who predeceased Dorothy but left no issue, and the four first cousins whose wheréabouts are unknown, their remainders remained vested and were effectively transferred by their assignments to Dorothy. (Ley v. Flessel, supra; Matter of Hawely, supra; Matter of Suydam, 193 Misc. 151.)
Objections were made by the Attorney-General and a distributee to the counsel fee .shown in the accdunt as an unpaid administration expense and shown in the (amended account as paid. The account covers a period of 37 years, and details are set forth in more than 100 typewritten pages. In addition an extensive search for interested parties was required. The court has considered also the relevant factors in fixing attorney’s fees as enumerated in Matter of Potts (123 Misc. 346, affd. 213 App. Div. 59, affd. 241 N. Y. 593). The court agrees with the guardian ad litem that, despite the small size of the estate, the fee shown as paid to the attorney is warranted by the nature and extent of the services rendered. The fee is allowed for all legal services, including those deemed extraordinary and inclusive of those through settlement of the decree and distribution thereunder. The objections are dismissed.